STATE OF MINNESOTA *vs.* A. E. MESSENGER.

August 27, 1880.

Public and Private Statutes—Highways—Compensation.—Sp. Laws 1878, *c.* 191, is a public and not a private law, of the passage of which the citizen and courts are bound to take notice. The enactment is not in violation of the constitutional provision that "private property shall not be taken for public use without just compensation therefor first paid or secured."

Complaint was made against the defendant, before a justice of the peace, for obstructing a public highway, known as the St. Paul and Hastings river road. The defendant, having been arrested and brought before the justice, pleaded not guilty, waived a jury trial, and was tried, convicted and sentenced. He appealed, on questions of law alone, to the district court for Dakota county, *Crosby*, J., presiding, where the conviction was affirmed, and he thereupon appealed to this court.

At the trial before the justice, it appeared that on May 28, 1878, the defendant had built a fence across the road at a point upon his own land. It also appeared that the road had been travelled by the public and worked by the town authorities for more than twelve years, and was the same described in an act of the legislature, entitled "An act to legalize the highway known as the St. Paul and Hastings river road," approved March 2, 1878; that no compensation had ever been awarded or paid for any part of his land included in the road, and that the road was not a legal highway unless made so by that act. The defendant offered in evidence the record of a criminal proceeding against him before a justice of the peace, in July, 1876, for obstructing the same alleged road at the same point, which resulted in the acquittal of defendant. The evidence was objected to as irrelevant and immaterial,

and was excluded, and the defendant excepted. The act referred to is printed in the margin.*

*John B. & W. H. Sanborn,* for appellant.

Sp. Laws 1878, c. 191, is unconstitutional, because it in no way provides that compensation shall be either paid or secured to the defendant for the taking of his private property. Const. art. 1, § 13. Before the public can acquire the right, against the will of the owner, to enter upon and permanently occupy his land for public uses, the value of the property to be taken must be ascertained by some legal and proper proceeding, or, if the value thus ascertained be not paid to or received by the owner, an adequate fund must be provided from which he may, at some future time, be compensated; and there must be provided a definite and feasible mode of compelling payment. *Teick* v. *Com'rs of Carver County,* 11 Minn. 201 (292;) *Langford* v. *Com'rs Ramsey County,* 16 Minn. 375; *Norton* v. *Peck,* 3 Wis. 723; *Robbins* v. *Milwaukee, etc., R. Co.,* 6 Wis. 636; *Shepardson* v. *Milwaukee & Beloit R. Co.,* 6 Wis. 612; *Powers* v. *Bears,* 12 Wis. 221; *Gard-*

*Section 1. That the highway known as the St. Paul and Hastings river road, beginning at the north line of the town of West St. Paul, and running through the town of West St. Paul, Inver Grove and into Rosemount, as far as the intersection of the Richvalley road, at the corner of sections nineteen (19) and twenty-four, (24,) township one hundred and fifteen, (115,) is hereby declared to be a legal and valid highway to all intents and purposes, retaining the same. road-bed as used by the public, and repaired by the authority of said towns, for more than ten years now passed : *provided,* however, that any person claiming to be damaged by the existence of said road shall have the right, within sixty days from and after the passage of this law, to present his claim to the board of county commissioners of the county for said damages, and said board shall hear and determine the same, subject to right of appeal to the district court of the county of Dakota; and the person so appealing may do so within sixty days of the time he received notice of the decision of said board. Such appeal shall be taken by the service of a notice thereof upon the chairman or secretary of said board, and the case shall be tried in the same manner as appeals from justices' courts are tried therein.

Sec. 2. This act shall take effect and be in force from and after its passage.

*ner* v. *Newburgh*, 2 John. Ch. 161; *Bloodgood* v. *Mohawk, etc., R. Co.*, 18 Wend. 9; *People* v. *Hayden*, 6 Hill, 359.

But the act in question in no way provides for any payment to defendant of the value of his land to be taken, nor does it provide any fund from which any amount shall be paid to him for the taking of his property, nor any method by which he can in any way compel payment of his damages.

The act is void because it seeks to compel the defendant, without any summons, notice or action on the part of the town, county or state seeking to take his land, to commence a litigation for his own land within sixty days after the passage of a private act, no notice of which is given to him, or be forever deprived of the use of his land. The state has not the power to compel a citizen to commence litigation for damages for the public use of his own land, without notice either of the law or of the condemnation sought, nor can it, without notice or compensation, take from him his land or its use, if he fails to commence such a litigation. And even if it had this power, it would not be permitted by the court to obtain title to or an easement over the land of a citizen in the short space of sixty days from the passage of a private act, without personal notice to the citizen.

*Jasper N. Searles*, for the State.

CORNELL, J. The statute whose constitutionality is brought in question in this case, though published among the Special Laws, (Sp. Laws 1878, *c.* 191,) is clearly a public, and not a private act. Potter's Dwarris, 53. Its purpose, as indicated both in the body of the act and by its title, was to legalize and establish, as a public highway, an old travelled road extending through several towns in Dakota county, which had been in use by the public for several years as a common highway; and all the provisions of the enactment are directed to that end. This fixes the character of the law as a public one, of which the courts must take judicial notice, and with the contents of which the defendant must be presumed to

have had knowledge from the time of its passage, when, according to its terms, it took effect.

It is objected that, in the enactment of this statute, the constitutional requirement that just compensation shall be first paid or secured, as a condition precedent to the exercise of the right to take private property for public use, has not been observed by the legislature. In support of this objection, the following points are made: That the tribunal designated for determining the amount of that compensation is not an impartial one; that no fund is provided and set apart for its payment, when ascertained, nor any adequate means provided for obtaining it; that the initiation of the proceedings for ascertaining the amount of such just compensation is put upon the land-owners whose property is taken for the road; that the time for instituting such proceedings is limited to sixty days after the passage of the law; that it is a private enactment, of which such land-owners are not presumed to have had any knowledge, and therefore its effect may be to deprive them of their property without compensation, and without having had any opportunity to be heard upon the question either of condemnation or compensation.

The law itself specifically locates the line of the highway, and declares it to be "a legal and valid highway to all intents and purposes, retaining the same road-bed as used by the public, and repaired by the authority of said towns [therein named] for more than ten years now past." It further provides, in terms, "that any person claiming to be damaged by the existence of said road shall have the right, within sixty days from and after the passage of this law, to present his claim to the board of county commissioners of the county for said damages, and said board shall hear and determine the same, subject to right of appeal to the district court of the county of Dakota, and the person so appealing may do so within sixty days of the time he received notice of the decision of said board. Such appeal shall be taken by the service of a notice thereof upon the chairman or secretary of said board,

and the case shall be tried in the same manner as appeals from justices' courts are tried therein." It will be observed by these provisions that the case is one in which the power of eminent domain was exercised directly by the state itself, and for a strictly public use and purpose. The passage of the law operated as an appropriation by the state of the lands over and upon which the highway was located and established. When the property of the citizen is thus taken directly by the state it is not essential to the validity of the law that it should provide for the initiation, on the part of the public, of the proceedings requisite to the determination of the just compensation to which such citizen may be entitled, nor for making payment of such compensation before the appropriation. The constitutional requirement that just compensation be first paid or secured is satisfied in such a case if, in the act making the appropriation, an impartial tribunal is provided for determining the question of compensation, to which the citizen may freely resort and be heard at any time, and if the payment of the sum to which he is entitled is made, whenever ascertained, a charge upon the public treasury, either of the state or of some municipal subdivision thereof, such as the county in which the highway is located. Cooley's Const. Lim. 560, and cases there cited; *Bloodgood* v. *Mohawk & Hudson R. Co.*, 18 Wend. 9.

The tribunal which is designated in this instance is a board of public officers, created under the general laws of the state, and acting under the obligations of an official oath. It is the same body which is invested by said laws with the general jurisdiction of laying out county roads within their county, and assessing damages occasioned thereby, and, according to the ruling in *Bruggerman* v. *True*, 25 Minn. 123, it is a competent and impartial tribunal for that purpose.

Their determination, however, of the question of compensation, under the present statute, is not final, but every owner of property taken for the highway may, within sixty days after

notice of such decision, appeal therefrom to the district court of the county, and have his damages assessed by a jury, and a judicial determination of his rights in respect thereto.    He is not required to give any bond, but his right of appeal is absolute, and unfettered by any condition, except a reasonable limit prescribed as to the time within which he may bring it. * He is allowed to commence the proceedings before said board at pleasure, within the period of sixty days after the passage of the act, of which he is presumed to have notice, as it is a public and not a private law, as already stated.    In doing this he is only required to present whatever claim for damages he thinks himself entitled to, and it thereupon becomes the duty of the board to hear and determine it as a claim against the county. Hence, whatever sum is awarded him for his compensation is awarded against the county, and the judgment on the appeal, if one is taken and tried, is also one against the county.

This is fairly implied from the law, and especially when considered in connection with the general road law of the state, which declares every highway located by state authority to be a county road, and under which all damages assessed on account of lands taken for county roads are made payable by the county interested; (Gen. St. 1878, c. 13, §§ 53–55;) for it is reasonable to suppose that, in the enactment of the statute, the legislature had in mind the General Statutes upon the subject, and that it intended to observe the general policy which they indicated.    This construction is also called for by the rule that requires every statute to be so interpreted, if possible, as to promote rather than defeat the evident purpose of the legislature in its enactment.

Thus construed, the security which is provided is adequate, for it rests upon the entire taxable property of the county. Neither the character of the tribunal, nor the security contemplated by the law, is open to any valid objection.  The remedy which is given to a party injured, for obtaining compensation, is also certain and adequate, and equally free from

objection, unless the time limited for the presentation of claims for damages is so unreasonably short as effectually to deprive him of any benefit from it. The power of the legislature reasonably to limit such time is undoubted; and what is a reasonable time is a question generally resting largely in the sound discretion of the legislature, in view of all the circumstances and exigencies leading to the particular enactment. *Rexford* v. *Knight,* 11 N. Y. 308. To justify a court in holding a law void, because it contains an unreasonable restriction as to the time in which the right of the party may be legally asserted, the time limited must be so short as under the circumstances to amount to a practical denial of the right itself. The rule is stated in the case last above cited in this language, (p. 313:) "The court must be able to say that," because of the restriction, "no substantial opportunity is afforded to the party affected to assert his rights after the passage of the law; that the unmistakable purpose and effect of the law is to cut off the right of the party, and not merely to limit the time in which he may begin to enforce it."

The present case can hardly be said to come within this rule. The mere act of presenting to the county board a claim of this character need necessarily involve but little labor, and requires but little time. If sixty days is sufficient time in which to perfect an appeal from the decision of the commissioners— and of this there is no complaint—certainly the same time is sufficient in which to prefer a claim to the board.

The case of *Langford* v. *Com'rs of Ramsey Co.,* 16 Minn. 375, cited by defendant, is not in point. There, the commissioners to determine the compensation were private citizens, appointed directly by the legislature. They were not required to act under the sanction of an oath; the proceedings before them were entirely *ex parte* and without notice, and no right of appeal was given from their determination to the district court. In these respects the two cases are clearly distinguishable from each other.

These views dispose of the only question which we deem of any importance in the case.

In our opinion the return of the justice, as certified by him, does not purport to contain all the evidence, and therefore the points made upon the assumption that it does need not be considered.

Judgment affirmed.

GILFILLAN, C. J., *dissenting.* I think the act in question unconstitutional, because it does not make adequate provision to pay or secure compensation to any owner of land taken for the road. The land is taken without compensation, and right to compensation is cut off unless the owner, within sixty days from the passage of the act, institute proceedings to fix the amount; and no notice is to be given him that he must move in the matter, except such as he may be assumed to have from the passage of the act. I think it is a great strain on the constitution to hold, even if the act is to be deemed a public act, and the public are presumed to have notice of it, that the mere right given the owner to secure the compensation himself, if by chance he in fact learns of the passage of the act in time to exercise the right, is securing compensation, within the spirit and meaning of that instrument. If it is, I can only say that the legislature is vested with power to practically confiscate the property of the citizen, for hundreds of acts like this might be passed, and none of the persons whose property was proposed to be taken actually know anything about it until too late. The authorities hold that acts for taking private property for public use may put the initiative in ascertaining the amount of compensation on the owner, and may also limit the time within which he shall do so, and debar him if he fail to move within the time; but I find none which decides that the time may be limited from the mere date of passage of the act, without any other notice of any kind. While it may be conceded that an act placing

the duty on the owner to institute proceedings to ascertain the compensation to be paid, and limiting the time for him to do so, may be valid, it must afford him a full opportunity to do so; and it certainly would not afford him such full opportunity without reasonable notice to him that he is required to move, and of the time within which he must move, and what he must do.

It is assumed that the act is a public statute. It is a general rule that all are conclusively presumed to know a public statute from the time it goes into effect. But I do not think this act is, or any like it can be, in all its features, a public act, of which everybody is bound to take notice. An act may be public as to some of its provisions and private as to others. Bacon's Abr. Statutes, F; *Anonymous,* 12 Mod. 249; *Ingram* v. *Foot,* Id. 611; *Dive* v. *Maningham,* Plowden, 60, 65. This act, so far as it proposes to establish the road, is public, for it affects alike all inhabitants within the district through which it is to pass. But, so far as it affects only an individual owner of property to be taken for the road, it is private. In the compensation to be paid him, and how its amount shall be ascertained, it interests only him, and the state, or in this case the county, which is appointed to pay it, and does not interest the people of the state at large, nor of the district through which the road is to run. Of the private provisions of the act no one is presumed to know, from the mere fact of its passage, although they may be presumed to know of its public provisions. As the act, therefore, does not of itself serve as notice to the owner of what he is to do and within what time, and it provides for no other notice, it does not furnish him a full opportunity to have the compensation ascertained; and as it purports to take his property without compensation, in case he does not have the amount ascertained, I think the act invalid.

I therefore dissent from the decision.