NOLAN, RESPONDENT, *v.* MONTANA CENTRAL RAILWAY CO., APPELLANT.

(No. 1,262.)

. (Submitted February 8, 1901.  Decided February 25, 1901.)

*Railroads—Master and Servant—Injury to Servant—Appliances — Negligence — Evidence — Verdict—Direction—Appeal—Reversal—Directing Judgment on Remand.*

1. An employe was struck and injured by a cable attached at one end to a locomotive, and at the other to a plow then being used to unload cars of dirt at a curve. The cable slipped over a wooden stake in a socket on the edge of a car on the outside of the curve, behind which it was placed by plaintiff's fellow servants to prevent the plow being pulled off the car on the·inside of the curve. There was a groove in the socket holding the stake, in which  the cable was usually placed when unloading dirt at a curve. There was no evidence that a block and tackle would have been safer thn the groove, which means was reasonably safe. *Held,* that the evidence did not support a verdict that the employe was injured by the employer's neglect to provide and use a block and tackle to guide such cable.

2. Where the trial court erred in denying a motion to direct a verdict for defendant, the court on appeal could not direct judgment for the defendant, since they could not know what exceptions, if any, were taken by the respondent to the trial court's rulings on the evidence offered.  .

3. The only exceptions properly included in a transcript on appeal are those of appellant.

*Appeal from District Court, Silver Bow County; John Lindsay, Judge.*

ACTION by Timothy Nolan against the Montana Central Railway Company. From a judgment in favor of plaintiff, and an order denying a new trial, defendant appeals. Reversed.

*Mr. A. J. Shores* and *Mr. I. Parker Veazey,* for Appellant.

*Messrs. Stanton & Lechey, Mr. Geo. Haldorn* and *Messrs. Clayberg & Gunn,* for Respondent.

MR. JUSTICE MILBURN delivered the opinion of the Court.

This is an appeal from the judgment and an order denying a motion for a new trial rendered and made by the district court of the Second judicial district, by which judgment the plaintiff recovers from the defendant for injuries alleged to have resulted from his being struck upon the head by a wire cable attached to a locomotive at one end and to a dirt plow at the other; said plow being used for scraping dirt from a train of flat cars which stood upon a curve on the railway track of the defendant. The plaintiff alleges in his complaint that the injury was caused by the defendant carelessly and negligently failing to provide and use a block and tackle at said curve to draw said plow or scraper along a certain car which was being unloaded, but instead thereof using a wire cable attached to the locomotive; the cable being held on the car by a wooden peg or pin, which being insufficient allowed the cable to slip over the top thereof, the cable striking the plaintiff, he then and there being near the car on the inner side of the curve assisting in the work of repairing the roadbed of the railway. The only negligence charged is as above stated.

The evidence in the case shows that plaintiff was struck by the cable; that at the time he was struck the cable, being attached to the said plow and locomotive, was thrown over a cer-

tain wooden stake, 4x4x18 inches, which was set in an iron socket or pocket on the outside of the curve on the edge of a certain flat car in front of the car on which the plow rested, it being necessary to hold the cable on that side of the train in order to prevent the plow from being pulled off from the side of the train on the inside of the curve; that the cable was so placed over the wooden stake by fellow servants of the plaintiff; that the cars of the defendant used on this occasion had all attached to them, on each side, iron pockets, in which wooden stakes of the said dimensions were placed; that each pocket was fastened to the car by an iron bolt or clasp, and that just below the bolt on each pocket was a groove, into which it was a practice to place the cable when unloading dirt on a curve; that the stake used as aforesaid was one of those above mentioned; that on the occasion referred to the cable slipped over the said stake and, going rapidly across the train to the inside of the curve, struck the plaintiff; that the cable could have easily been placed in two or more of the grooves, thereby rendering the operation of unloading dirt much safer; and that the wooden stakes were placed on each side of each car, about five feet apart, for the purpose of preventing the said plow or scraper from going over the side of the train.

The defendant assigns as error the court's denial of its motion for a nonsuit, and the court's refusal to instruct the jury to find for the defendant at the close of the evidence; and states as one of the grounds of motion for a new trial the insufficiency of the evidence to justify the verdict.

The employee who seeks to recover for injuries claimed to have been received through negligence for which his employer is liable must establish that negligence by proof.

It appears that the accident in this case was the result of the insufficiency of the means used by the plaintiff's fellow servants. We are of the opinion that the charge of negligence on the part of the defendant, in not furnishing a block and tackle, is not supported by the evidence. It does not appear that the

grooves were not sufficient and reasonably safe appliances. There was not any evidence tending to show that a block and tackle was a safer or more suitable appliance for the purpose of holding the cable than the grooves, which, upon the undisputed evidence, were reasonably safe means.

Whether, as to his servant, the master must, at his peril, provide the safer appliance, when it is known to him, is a question which is not here presented, and as to it we do not express any opinion.

A motion for a nonsuit was made after the plaintiff had rested, and said motion was denied. The defendant introduced proof and then moved the court to instruct the jury to return a verdict for the defendant, which motion was denied. The defendant assigns error in denying each motion and prays this court to reverse the court below and direct judgment for the defendant. The court below erred in denying the motions, respectively; but we cannot order judgment for the defendant, as we have no means of knowing what, if any, exceptions were taken by respondent in the court below to the rulings of the court on the evidence offered. The only exceptions properly included in a transcript on appeal are those of appellant. We have no means of anticipating what evidence, if any, the respondent may offer on a new trial. (*O'Rourke* v. *Schultz,* 23 Mont. 285, 58 Pac. 712; *Westheimer* v. *Goodkind,* 24 Mont. 90, 60 Pac. 817.)

The verdict is not supported by the evidence, in that there is no evidence to show that the defendant company was negligent, as claimed by respondent, in not furnishing a block and tackle.

The judgment and order denying a new trial are reversed and the cause is remanded.

*Reversed and remanded.*