SHERMAN, RESPONDENT, v. NASON, APPELLANT.

(No. 1,320.)

(Submitted April 16, 1901.   Decided April 22, 1901.)

*Limitations—Statutory Change—Limitations Already Running—Unreasonable Limitation—Suit Within Reasonable Time—Appeal—Reversal—Remand.*

1.  Laws of 1889, p. 172, provides that an action on an account, not founded on a written instrument signed by the party chargeable therewith, shall be commenced within five years.   Code of Civil Procedure, Sec. 514, Subd. 1, which took effect July 1, 1895, declares that actions of that nature shall be commenced within three years.   Section 3456 provides that, when a limitation prescribed in any existing statute has begun to run before the Code takes effect, the time which has already run shall be deemed part of the time prescribed as such limitation by the Code.   *Held*, that suit commenced December 29, 1897, on an open account not founded on a writing, due December 31, 1892, was barred by limitations, notwithstanding the period of six months after July, 1895, allowed by the Code within which to commence suit, was unreasonably short, since suit was not commenced within a reasonable time thereafter.

2.  Upon the reversal of a judgment the Supreme Court will remand the cause for a new trial.

3.  The only exceptions which may be considered on appeal are those preserved by the appellant.

*Appeal from District Court, Madison County; M. H. Parker, Judge.*

ACTION by W. P. Sherman against Richard Nason.   From a judgment for plaintiff, defendant appeals.   Reversed.

*Mr. Lew L. Callaway* and *Messrs. Bender & Alley,* for Appellant.

MR. JUSTICE PIGOTT delivered the opinion of the Court.

This action was brought to recover judgment for $262 (including interest) upon an open account for goods, wares and merchandise alleged to have been furnished by the assignor of the plaintiff to the defendant on the 31st day of December,

1892. We notice that the complaint specifies, "Mass at church, $20," as an item of the "goods and merchandise" which the plaintiff's assignor "furnished to defendant at his special instance and request;" but as the defendant is seemingly content with the description, and has not questioned its legal accuracy, we make no comment thereon, and do not decide whether the item is included in the phrase "goods and merchandise." The complaint, which was filed on the 29th day of December, 1897, states, in substance, that the debt became due and payable on the 31st day of December, 1892. One of the defenses pleaded is that the cause of action is barred by the provision of Subdivision 1 of Section 514 of the Code of Civil Procedure. At the trial the plaintiff established by proof the matter stated in his complaint. Thereupon the defendant moved for a nonsuit and that judgment be rendered for him, upon the ground that the cause of action alleged was barred by the provision of the statute pleaded in the answer. The motion was overruled, defendant declined to introduce any evidence whatever, and the court instructed the jury to find for the plaintiff. A verdict for the amount stated in the complaint having been returned, judgment was entered in accordance therewith, and the defendant has appealed. The plaintiff has not filed a brief or made any argument in this Court.

Upon the present appeal there is but one question involved,— that of the statute of limitations. The cause of action accrued on December 31, 1892. The account upon which the action was commenced was not founded on an instrument in writing. The complaint was filed on December 29, 1897. At the time the cause of action accrued, and until July 1, 1895, the period prescribed for the commencement of an action upon an account not founded upon a written instrument signed by the party chargeable therewith, was five years (Laws of 1889, p. 172). The Code of Civil Procedure of 1895 became operative on July 1, 1895. Subdivision 1 of Section 514 of that Code prescribes that an action such as the one at bar shall be commenced within three years after the cause of action has accrued. Sec-

tion 3456 of the same Code declares that "when a limitation or period of time prescribed in any existing statute for acquiring a right or barring a remedy, or for any other purpose, has begun to run before this Code goes into effect, and the same or any limitation is prescribed in this Code, the time which has already run shall be deemed part of the time prescribed as such limitation by this Code." By Section 3483 of that Code, the act of 1889, which prescribed the period of five years, was repealed, subject to the provisions of Section 3456, *supra.* It appears, therefore, that from December 31, 1892 (when the cause of action accrued), to July 1, 1895, the period prescribed for barring the remedy of the plaintiff was five years, and that from July 1, 1895, to December 29, 1897 (when the action was commenced), such period was three years; so that the plaintiff and his assignor had two years, six months and one day within which to commence an action before the taking effect of Section 514, *supra,* and had six months (less one day) further time after July 1, 1895, when the section last mentioned became operative, in which he might have sued. Conceding that the six months after July 1, 1895, was an unreasonably short period of limitation, the question arises whether the plaintiff instituted the action within a reasonable time thereafter. The answer is manifest. He delayed not only during the three years immediately succeeding December 31, 1892, but for the further period of two years (less two days) after the end of the three-year period. He brought the action on December 29, 1897,—two years and six months (less three days) after the change from the five to the three year period had been effected, on July 1, 1895. The action was not commenced until nearly five years had elapsed, two and a half years (approximately) of which time was subsequent to July 1, 1895. Applying to the facts as presented the principles announced in · *Guiterman* v. *Wishon,* 21 Montana, 458, 54 Pacific Reporter, 566, we must hold, as matter of law, that the plaintiff did not commence his action within a reasonable time after the 1st day of July, 1895, and that the remedy is barred.

The defendant asks that the judgment be reversed and the cause remanded with directions to enter judgment for the defendant. The judgment will be reversed and the cause remanded for a new trial; but we shall not order judgment to be entered for the defendant, as this Court does not know what, if any, errors may have been committed to the prejudice of the plaintiff, the only exceptions which may be considered being those preserved by the appellant. (*Westheimer* v. *Goodkind,* 24 Mont. 90, 60 Pac. 813; *Nolan* v. *Montana Central Railway Co.,* 25 Mont. 107, 63 Pac. 926.)

The judgment is therefore reversed and the cause remanded for a new trial. Let *remittitur* issue forthwith.

*Reversed and remanded.*