## JOSEPH KOZISEK v. C. F. BRIGHAM.[1]

### October 29, 1926.

### No. 25,426.

**Purpose of suspending effect of amendment to statute of limitations.**

1. No other reason appearing for the suspension for three months of the effect of a statute reducing the limitation upon certain actions from six to two years, it is clear that the legislature intended to make the act applicable to causes of action existing at the time; and that the delay was for the very purpose of permitting actions to be brought thereon before the statute became effective.

**If such suspension is for reasonable time, court cannot hold act unconstitutional.**

2. It is for the legislature to fix such limitations and if a reasonable time is allowed for the commencement of actions upon existing causes of action, such a statute cannot be invalidated as unconstitutional. This court cannot say that the three months allowed in this case were unreasonable.

Constitutional Law, 12 C. J. p. 978 n. 93, 97; p. 979 n. 98, 99; p. 1089 n. 72.
Limitation of Actions, 37 C. J. p. 687 n. 47; p. 692 n. 99, 4; p. 694 n. 23; p. 695 n. 29; p. 697 n. 57, 58.

---

See note in 1 L. R. A. (N. S.) 528; 17 R. C. L. 676; 5 R. C. L. Supp. 956; 6 R. C. L. Supp. 1030.

Defendant's demurrer to the complaint in an action in the district court for Stearns county to recover damages for malpractice was

[1]Reported in 210 N. W. 622.

overruled, Roeser, J., and questions certified as important and doubtful. Defendant appealed. Reversed.

*Claude Krause* and *Cobb, Wheelwright, Hoke & Benson,* for appellant.

*E. W. Swenson,* for respondent.

STONE, J.

In this action to recover damages for the alleged malpractice of a surgeon, there was a demurrer to the complaint. It was overruled, but the learned trial judge having certified the questions involved important and doubtful, defendant appeals.

The cause of action, if any, accrued before the passage of chap. 113, p. 102, L. 1925, which amended sec. 9193, G. S. 1923, relating to limitations of actions in certain cases, so as to read in part as follows:

"The following actions shall be commenced within two years.

1. For libel, slander, assault, battery, false imprisonment, or other tort, resulting in personal injury, *and all actions against physicians, surgeons, dentists, hospitals, sanitariums, for malpractice, error, mistake, or failure to cure, whether based on contract or tort."*

The italics indicate the new matter introduced by the amendatory act. Section 2 reads:

"This act shall take effect and be in force three months from and after its passage and approval."

If this law applies to causes of action accrued before its enactment but not then barred by the six year limitation of sec. 9191, G. S. 1923 (which formerly applied to actions such as this under the rule of Brown v. Heron Lake, 67 Minn. 146, 69 N. W. 710), the demurrer should have been sustained. This case was not commenced until after the three months' suspensory period.

1. It is impossible to discern any other purpose for postponing the effect of the act than to make it applicable to existing causes of action. That conclusion necessarily follows the obvious fact that, if such were not its purpose, the delay was wholly without purpose.

In other words, the only way in which the suspensory section can be made purposeful is to hold the amendment applicable to all causes of action existing at the time, and that the delay was to allow the timely commencement of actions thereon. Such is generally the only purpose of suspending the effect of amendments of statutes of limitation. It is difficult to discover any other. Burwell v. Tullis, 12 Minn. 486 (572); Stine v. Bennett, 13 Minn. 138 (153); Duncan v. Cobb, 32 Minn. 460, 21 N. W. 714. In the last case, on the authority of the others, it was said to be the purpose of the legislature, in suspending for a stated period the effect of such a law, to afford opportunity to all having existing rights of action "to pursue the remedy before the bar of the statute should intervene." To the same effect is Wrightman v. Boone County, 31 C. C. A. 570, 88 F. 435. In that case a new limitation upon the revival of judgments by scire facias was involved. It was held applicable to existing judgments, because the statute had a suspensory provision such as the one now before us. In addition, the court made the pertinent comment that the legislature had the power to except existing judgments from the new law's operation but did not do so. "The fact that it failed to make any exception," said Judge Sanborn, "raises a strong presumption that it intended to make none, and brings any exception that a court might be disposed to make into the forbidden category of judicial legislation."

There is nothing to the contrary in State ex rel. Anderson v. General A. F. & L. Assur. Corp. 134 Minn. 21, 158 N. W. 715, Ann. Cas. 1918B, 615. In fact it was there expressly held that the postponement of the time when a new limitation becomes effective evidences an intent to make it retroactive. Such effect was not given to the statute there under consideration for the simple reason that it was not alone a new statute of limitation. It was rather a partial revision of the Workmen's Compensation Act. The numerous changes introduced by the new law required that there be a period after its passage for those upon whom it was operative to adjust themselves to the new scheme. So it was held that the suspension of its operation did not indicate an intent to make a limitation, which

appeared in the new act for the first time, operative upon existing claims. That intention did not appear from the act otherwise and it was held not to exist, the suspensory provision being so obviously referable to other reasons. In fact the court said that, if the amending statute had done nothing but give a limitation where none existed before, "the postponement of its operation might well enough be conclusive of an intent to give a retrospective operation."

2. Statutes of limitation have to do not with the obligation but the remedy. They "are to be applied to all cases thereafter brought, irrespective of when the cause of action arose, subject, of course, to the universally recognized rule that they cannot be used to cut off causes of action without leaving reasonable time within which to assert them." Osborne v. Lindstrom, 9 N. D. 1, 81 N. W. 72, 46 L. R. A. 715, 81 Am. St. 516. The time cannot be pronounced unreasonable unless "so short as under the circumstances to amount to a practical denial of the right itself." State v. Messenger, 27 Minn. 119, 6 N. W. 457. In that case this court said that it is enough if "substantial opportunity is afforded to the party affected to assert his rights after the passage of the law."

For present purposes we assume that causes of action for tort are protected by constitutional guaranties. That subject is discussed somewhat in Mulvey v. City of Boston, 197 Mass. 178, 83 N. E. 402, 14 Ann. Cas. 349. But the question remains whether the three months allowed by the statute under consideration was so short as to be an unconstitutional deprivation of existing rights. That result does not follow merely from the fact that there may be grounds for considering the change a harsh one. Harshness alone does not invalidate a statute. While citizens and others subject to law cannot be presumed to know it, it remains that ignorance of the law does not excuse noncompliance. We cannot say that the legislature was beyond its power in saying that three months was time enough for those having causes of action to become advised of the new limitation and commence actions before it became effective. "Of that the legislature is primarily the judge; and we cannot overrule the decision of that department of the government, unless a palpable

error has been committed." Terry v. Anderson, 95 U. S. 628, **24** L. ed. 365.

Our cases most closely in point are the following: State v. Messenger, supra, holding 60 days sufficient for the filing of claims for damages arising from the establishment by statute of a public highway; Stine v. Bennett, supra, four months and a half sufficient to enforce foreign judgment; Archambau v. Green, 21 Minn. 520, six months reasonable as to mortgage foreclosures. See also Frasch v. City of New Ulm, 130 Minn. 41, 153 N. W. 121, L. R. A. 1915E, 749, sustaining our statute requiring notice within 30 days as a condition precedent to an action against a municipality for negligence.

In Mulvey v. City of Boston, supra, an amendatory act was sustained against the objection that, while it reduced the limitation from six years to two, it allowed only 30 days wherein to commence suit on existing claims.

Among the cases cited to the contrary are Parmenter v. State, 135 N. Y. 154, 31 N. E. 1035; Adams & Freese Co. v. Kenoyer, 17 N. D. 302, 116 N. W. 98, 16 L. R. A. (N. S.) 681; Lewis v. Harbin, 5 B. Mon. (44 Ky.) 564; Gilbert v. Ackerman, 159 N. Y. 118, 53 N. E. 753, 45 L. R. A. 118; Merchants Nat. Bank of Bismarck v. Braithwaite, 7 N. D. 358, 75 N. W. 244, 66 Am. St. 653. To the extent that such cases support a conclusion contrary to ours, and some at least do, we cannot agree. To us, they seem to have gone too far in judicial reversal of legislative decision.

Order reversed.