JOHN PAUL CRANSTON v. NEW PROCESS FIBRE Co., a corporation of the State of Delaware.

(*July* 18, 1950.)

CAREY, J., sitting.

*Caleb M. Wright* for plaintiff.

*Houston Wilson* for defendant.

Superior Court for Sussex County, No. 183, Civil Action, 1949.

CAREY, J.:

The sole question raised for decision herein concerns the reasonableness of the period allowed by the quoted statute for the commencement of actions upon causes which had accrued prior to its effective date. Plaintiff attacks the six-months provision as being unreasonably short and argues that the former three-year statute controls this case. Under his theory, the present motion would have to be denied since the action was started seven days less than three years after the last payment.

Certain basic principles are beyond dispute. A state may constitutionally reduce the time within which an action may be brought upon rights previously accrued, provided a reasonable time is allowed for the bringing of such an action. Primarily, the Legislature is the judge of what is reasonable time, and its determination will not be set aside by the Courts unless the time allowed is so insufficient that it amounts to a denial of justice. It is said to be sufficient if substantial opportunity is afforded to the party affected to assert his rights after the passage of the law. In deciding the question, the Court must consider the statute in the light of the class of cases to which it applies. 34 Am. Jur. 27 etc.; II Cooley on Constitutional Limitations (8th ed.) 764; 16 C. J. S., Constitutional Law, § 628, p. 1238.

Although there appear to be no Delaware cases on this point of reasonableness, a great number of rulings from other jurisdictions are to be found. The mere listing of them would require much space. The interested reader will find the earlier ones cited in *Lamb* v. *Powder River Live Stock Co.*, (10 *Cir.*) 132 *F.* 434. Later ones are collected in *Kozisek* v. *Brigham,* 169 *Minn.* 57, 210 *N. W.* 622, 49 *A. L. R.* 1263 and *Steele* v. *Gann,* 197 *Ark.* 480, 123 *S. W.* 2d 520, 120 *A. L. R.* 758. Some of the very recent decisions are *Reid v. Solar Corp., (D. C.* 1946) 69 *F.*

*Supp.* 626; *Gillespie* v. *Pickens County*, (1941) 197 *S. C.* 217, 14 *S. E.* 2d 900; *Central Mo. Tel. Co.* v. *Conwell*, (8 *Cir.*) 1948, 170 *F.* 2d 641; *Kendall* v. *Keith Furnace Co.*, (8 *Cir.*, 1947) 162 *F.* 2d 1002; *Ferki* v. *Frantz' Transfer Co.*, (1943) 152 *Pa. Super* 267, 31 *A.* 2d 586; *Allen* v. *Dovell*, (*Md.* 1949) 66 *A.* 2d 795. Depending always upon the nature of the class of cases affected, clean-up periods for accrued causes of action as short as thirty days have been approved, although periods as long as one year have been disapproved. By far the greatest number of cases involving a six-months period hold it to be a reasonable time. In fact, I have found only three cases holding six months or longer unreasonable. These are *McGahey* v. *Virginia* (In re Brown), 135 *U. S.* 662, 701, 10 *S. Ct.* 972, 34 *L, Ed.* 304; *Percles v. Watertown*, 19 *Fed. Cas. No.* 10,980, *p.* 227; *Blevins* v. *N. W. Carolina Utilities*, 209 *N. C.* 683, 184 *S. E.* 517. Those three opinions deal with very different classes of claims from those affected by our Act. Three other cases are sometimes cited as holding six months or more to be unreasonable but a careful reading of them convinces me that they do not so hold. They are *Sherman* v. *Nason*, 25 *Mont.* 283, 64 *P.* 768; *Keyser* v. *Lowell*, 117 *F.* 400; *Hathaway* v. *Merchants' Loan & T. Co.*, 218 *Ill.* 580, 75 *N. E.* 1060, 4 *Ann. Cas.* 164. On the other hand, every authority I have found which deals with the type of claims involved here has held a period of six months or less to be a reasonable time. Two recent illustrations, both dealing with wage claims, are *Reid* v. *Solar Corp.*, *supra*, and *Kendall* v. *Keith Furnace Co.*, *supra*. It is of some interest to note that Congress, in establishing a new two-year limitation in the Portal-To-Portal Act, provided a clean-up period of only 120 days for accrued causes of action under the Fair Labor Standards Act, 29 U. S. C. A. § 201 et seq. See Sec. 6 of the Portal-To-Portal Act, 29 U. S. C. A. § 255.

██ Relying solely upon the authorities and keeping

in mind the type of cases covered by this Statute, I cannot say that the grace period allowed by the Act is so insufficient as to amount to a denial of justice. It is suggested, however, that a peculiar situation exists in Delaware which makes a six-months period unreasonably short, namely, that "after the Legislature has adjourned it is approximately one year before the printed copies of the Laws passed at the previous session of the Legislature are in the hands of the general public and the attorneys". This statement apparently refers to the length of time consumed in compiling, indexing, printing, binding and distributing the complete volume of laws passed at a given session. Assuming this is a proper matter for judicial notice, it would also seem proper to take notice of the additional fact that the activities of our Legislature are daily and fully reported in our newspapers of statewide circulation. Shortly after adjournment, those papers also publish a complete list of all passed bills. Moreover, printed copies of the Senate and House Calendars are sent daily to those attorneys and other citizens who request them. These calendars give the title and status of all pending and passed bills including approval or disapproval by the Governor. Other existing methods of spreading information could be mentioned. As a result, I cannot believe that the people of Delaware have fewer means of obtaining prompt information about legislation than those of most other states; yet no reported case has come to my attention where this contention has been accepted as the sole basis for overturning a statute. It was considered and repudiated in *Davidson* v. *Witthaus,* 106 *App. Div.* 182, 94 *N. Y. S.* 428. In *Kozisek* v. *Brigham,* 169 *Minn.* 57, 210 *N. W.* 622, 623, 49 *A. L. R.* 1260, the Court said: "While citizens and others subject to law cannot be presumed to know it, it remains that ignorance of the law does not excuse noncompliance. We cannot say that the Legislature was beyond its power in saying that three months was time enough for those having causes of action to become

advised of the new limitation and commence actions before it became effective."

It is almost needless to point out the impracticability of basing the length of a grace period upon the time necessary to publish and distribute the bound volumes of session laws. The grave responsibility of declaring any act, or part of an act, unconstitutional must be sparingly exercised and only when the reasons for doing so are substantial. It is tacitly conceded that the clean-up period of six months in this case would be reasonable except for the one situation above mentioned. I cannot say that this fact alone requires a ruling to the contrary.

The motion for summary judgment must be granted.