DREW, Justice.
This appeal has been transferred here by the District Court of Appeal, Second District, to which court the appeal was improvidently taken.[1]
Appellant sought compulsory payment of its claim filed against the estate administered by the appellee, contending that Section 733.211, Florida Statutes, F.S.A., was unconstitutional as it purported to act retrospectively in barring claims against estates pre-existing its passage because the time prescribed is not reasonable for the assertion of such claims. The trial judge denied the relief on the ground that the questioned statute barred any right to payment. As the decision on the validity of the statute was necessary to the determination of the cause, and such finding was inherent in the judgment, we are squarely faced with the constitutional problem.[2]
The administration of the estate of Daniel Emmitt Brown was commenced on October 26, 1949. On November 25, 1949, The Gulf Fertilizer Company filed its claim against the estate founded on an unpaid promissory note. Other claims were also filed. No objection was made to the form or legality of the claim submitted by the appellant. On August 29, 1951, the administrator of the estate died and an order was entered appointing the present appellee. On June 6, 1956, appellant filed its petition for compulsory payment of claim. On November 4, 1958, a motion to dismiss appellant’s petition was filed, and on December 1, 1958, the order questioned here was entered by the county judge denying appellant’s petition on the ground that its claim was barred by the provisions of Section 733.211, F.S.A.
Section 733.211 was enacted on June 15, 1953 and has the following title and provisions:
“An Act Relating to Probate Law and Limitation of Actions on Claims. Against Estates.
“(1) Whenever anyone shall have filed a claim against any estate in any probate proceedings in this state, in accordance with this chapter, and which claim has not had objection filed thereto or has not been paid, settled or otherwise disposed of and no * * * compulsory payment thereof, then at the expiration of three years from the date such claim is filed such claim shall be forever barred and foreclosed and have no further force or effect and no proceeding or action shall thereafter ever be brought for enforcement or payment of same. This section shall not affect the lien of any duly recorded mortgage or the lien of any person in possession of personal property or the right to foreclose and enforce such mortgage or lien.
“(2) This section shall not apply to any claim upon which legal proceedings are brought for enforcement or compulsory payment of same on or before January 1, 1954.”
Appellant urges Article III, Section 33 of the Constitution of the State of Florida is applicable in this instance. This section provides:
“Limitations, reducing time. No statute shall be passed lessening the time within which a civil action may *480 be commenced on any cause of action existing at the time of its passage.”
This constitutional provision only refers to those causes of action affected by general statutes of limitation wherein the statute begins to run when the cause of action arises. In the instant case there was no previous time limit within which an action had to be instituted against the estate, once the claim was filed. Ergo, the constitutional provision was not applicable since the time was not lessened but merely defined.[3]
Public policy requires that estates of decedents be speedily and finally determined. It is pursuant to this policy that statutes of non-claim have been enacted by the Legislature. It is not the purpose of the probate act to unreasonably restrict the rights of creditors, but the object of the act is to expedite and facilitate the settlement of estates in the interest of the public welfare and for the benefit of those interested in decedents’ estates.[4]
Appellant’s contention that the time prescribed was not reasonable for the assertion of such claims has been the subject of a landmark decision in this State, i. e. In re Woods’ Estate, 1938, 133 Fla. 730, 183 So. 10, 12, 117 A.L.R. 1202. The eight month statute of non-claim was pleaded in defense of a claim on a promissory note filed against the estate. The validity of the statute of non-claim was directly at issue. The court held:
“ * * * There is a wide distinction between general statutes of limitation and the so-called short, special, non-claim or administrative statute of limitations under which claims against estates of deceased persons must be presented, and in some instances prosecuted, within a given time after the administration of an estate begins and notice is published for the benefit of creditors. Not only is the purpose of of these nonclaim statutes different, but the event which starts the period to running and makes them effective is different. General statutes of limitation begin to run when the cause of action arises, but nonclaim statutes do not become effective except as to claims against decedent’s estates and only after an administrator has been appointed, and letters of administration issued and notice given to the creditors as required by the statute. Our court has recognized a distinction between these two classes of statutes in the case of Bradford v. Shine, 13 Fla. 393, 7 Am.Rep. 239.
*481 “In the case of Brooks v. Federal Land Bank of Columbia, 106 Fla. 412, 143 So. 749, [at page 753] Justice Ellis, speaking for the Court, rightly said:
“ ‘A statute of nonclaim while partaking of the nature of a statute of limitations is not wholly such. It constitutes part of the procedure of the court, the orderly, expeditious, and exact settlement of the estates of decedents, and constitutes part of the procedure which courts must observe in the settlement of estates of deceased persons, and, where no exemption from ,the provisions of a statute exist, the court is powerless to create one. If such were not the case, the settlement of an estate might be deferred indefinitely and heirs and legatees, the rightful owners of the property of the estate, or beneficiaries of the will of the decedent, kept out of the enjoyment of their possessions and deprived of the benefits secured to them by the laws of the state for such unreasonable time as to practically deprive them of their property.’
* * * * * *
“ * * * the Court is powerless to change the words and clear meaning of the nonclaim statute, which provides that ‘any such claim or demand not so filed within eight months from the time of the first publication of the notice to creditors shall be void.’ As was said in the case of Brooks v. Federal Land Bank of Columbia, supra, ‘where no exception from the provisions of the statute exist, the court is powerless to create one.’ The contention then that equity and good conscience require that the apellant not lose his claim, while very appealing, does not authorize us to change the statute, which allows only eight months from the first publication of notice to creditors within which to file claims, and expressly provides that claims not filed within such eight-month periods shall be ‘void’.”
In Mahood v. Bessemer Properties, Inc., we upheld an act removing from titles to realty the clouds of unperformed contracts of record, as applied to purchasers or their assigns, under a 1925 contract of purchase who took no steps to bring themselves within the act, inclusive of institution of suit within six months.[5] Many cases from other jurisdictions hold that a period of limitation of six months is not unreasonable.[6]
We conclude that the subject statute is a valid and constitutional enactment of the Legislature and that the lower court was correct in its disposition of the cause before it.
Affirmed.
THOMAS, C. J., and TERRELL and HOBSON, JJ., concur.
ROBERTS, J., dissents.

. Article V, Section 4(2), Florida Constitution, F.S.A., and Florida Appellate Rules, rule 2.1a(5) (d), 31 F.S.A, specifically provide for transfer where the jurisdiction of an appellate court is improvidently invoked.

. Harrell’s Candy Kitchen, Inc. v. Sarasota-Manatee Airport Authority, Fla.1959, 111 So.2d 439.

. “The legislative body may, without violating constitutional guarantees, enact statutes which limit the time within which actions may be brought to enforce demands whore there was previously no period of limitation, or which limit, change, and vary existing rules as to limitation of actions, either by shortening or extending the time within which a cause of action may be asserted. Such a provision ordinarily does not impair the obligation of contracts; it does not violate a constitutional provision prohibiting the taking of life, liberty, or property without due process of law; nor if it operates prospectively, does it impair vested rights.

“An existing right of action cannot be taken away by legislation shortening the period of limitation to a time which had already run; it is not within the power of the legislature to cut off an existing remedy entirely since this would amount to a denial of justice. Consequently it is firmly established that when a new limitation is made to apply to existing rights or causes of action, a reasonable time must be allowed before it takes effect in which such rights may be asserted or in which suit may be brought on such causes of action, and that a limitation statute is void if the period allowed is unreasonably short. On the other hand, statutes of limitation affecting existing rights are not unconstitutional if a reasonable time is given for the enforcement of the right before the bar takes effect.” 34 Am.Jur. Limitation of Action §§ 18 and 21 (1941).

. In re Jeffries’ Estate, 1938, 136 Fla. 410, 181 So. 833; In re Williamson’s Estate, Fla.1957, 95 So.2d 244, 65 A.L.R.2d 1195.

. 1944, 154 Fla. 710, 18 So.2d 775, 153 A.L.R. 1199.

. In Cranston v. New Process Fibre Co., 1950, 6 Terry 368, 45 Del. 368, 74 A.2d 818, a statute of limitations was involved containing a provision requiring all claims of a particular nature covered by the statute to be brought within one year from the time of the accrual of the cause of action. The statute expressly provided that it applied to all such actions, whether they accrued before or after the effective date of the statute. The statute also provided that any actions accruing prior to the effective date of the statute would not be barred if commenced within six months after the effective date of the statute. The Court held that the six months’ grace period allowed by the act was not so insufficient as to amount to a denial of justice, notwithstanding the fact that almost a year expires after an adjournment of a session of the Legislature before copies of the laws passed at that session are in the hands of the general public and attorneys. See also Reid v. Solar Corporation, D.C.1946, 69 F.Supp. 626, 638, where the Court stated: “It appears from the decisions listed in the ALR notes * * * that in the overwhelming number of cases it is held that a period of limitation of six months is not unreasonable.”