**Ellis LOVGREN, et al., Appellants,**

v.

**PEOPLES ELECTRIC COMPANY, INC., Respondent.**

No. C7–84–2210.

Court of Appeals of Minnesota.

May 21, 1985.

Review Granted July 26, 1985.

Mitchell R. Spector, Abrams & Spector, Minneapolis, for appellants.

Eric J. Magnuson, David M. Bolt, Rider, Bennett, Egan & Arundel, Minneapolis, for respondent.

Heard, considered, and decided by PARKER, P.J., and LANSING and HUSPENI, JJ.

## OPINION

HUSPENI, Judge.

Appellant Ellis Lovgren (Lovgren) appeals from the judgment of the trial court which granted respondent Peoples Electric Company, Inc.'s (Peoples) motion for summary judgment on grounds that the statute of limitations barred the action. We affirm.

## FACTS

On September 9, 1975, Lovgren, an electrician for the North Star Steel Co., sustained a severe electrical shock when he touched a high voltage bar in a transformer vault at the steel mill where he worked. Peoples had installed the vault. The shock caused severe injuries to Lovgren, including heart damage and an arm injury requiring amputation.

On April 24, 1978, Lovgren filed a complaint against Northern States Power Company (NSP). NSP filed a third party complaint against North Star Steel on June 15, 1978. Lovgren thereafter served an amended complaint on Peoples, Gamma Engineering, Ferraco Engineering, and Westinghouse Electric on August 14, 1981. Peoples filed an answer and a cross-claim against the other defendants on October 14, 1981. All defendants except Peoples were subsequently dismissed by Lovgren.

Peoples argued that Lovgren's claims were barred by Minn.Stat. § 541.051 (1980), which imposes a two-year statute of limitations on actions brought in regard to improvements to real property. The trial court agreed, and granted summary judgment in favor of Peoples.

## ISSUES

1. Did Lovgren's injury arise out of an improvement to real property?

2. Did the trial court err in determining that Lovgren's negligence claim was barred by the statute of limitations?

## ANALYSIS

### I.

Lovgren contends that the trial court erred in characterizing the transformer vault as an "improvement to real property" within the meaning of § 541.051. That statute states, in relevant part:

> Except where fraud is involved, no action by any person in * * * tort * * * to recover damages * * * for bodily injury * * * arising out of the defective and unsafe condition of an improvement to real property * * * shall be brought against any person performing or furnishing the design, planning, supervision materials, or observation of construction or construction of the improvement to real property * * * more than two years after the discovery thereof.

Lovgren relies upon the law of fixtures for his contention that the transformer vault is not an improvement to real property. While it is true that not every addition to real property is an improvement to real property, *Lowry Hill Properties, Inc. v. Ashbach Const. Co.*, 291 Minn. 429, 194 N.W.2d 767 (1971), the Minnesota Supreme Court has found that an "improvement" is:

> [A] permanent addition to or betterment of real property that enhances its capital value and that involves the expenditure of labor or money and is designed to make the property more useful or valuable as distinguished from ordinary repairs.

*Pacific Indemnity Co. v. Thompson-Yaeger, Inc.*, 260 N.W.2d 548, 554 (Minn.1977).

The law of fixtures was rejected by the *Pacific Indemnity* court in favor of the above interpretation. *Id.* at 554. The court wanted to avoid the vagaries of fixture law and sought to determine the statute's meaning "on the basis of the common use of language." *Id.* (citing *Kallas Millwork Corp. v. Square D. Co.*, 66 Wis.2d 382, 386, 225 N.W.2d 454, 456 (1975)).

■ In this case, Peoples permanently installed a transformer vault in a steel mill. It was wired to the steel furnace and to an electrical substation outside the plant, and bolted to the floor inside the plant. It is clear that the installation of a transformer vault which supplies energy to an electric steel mill is an "improvement to real property" within the meaning of Minn.Stat. § 541.051.

Additionally, Lovgren argues that the safety device which Peoples allegedly negligently failed to install is not an addition to real property because such a device is essentially temporary in nature and immediately detachable. We are unable to discern the merit of such argument. The vault which Peoples constructed is an improvement to real property, and it is the nature of the vault which is critical here.

### II.

Peoples argues, and the trial court found, that the two-year statute of limitations set forth in section 541.051 (1980) applied, and barred Lovgren's claim. We note that section 541.051 (1965), in effect at the time of Lovgren's accident, also contained a two-year statute of limitations. Because there is a presumption that the legislature does not intend to violate the Constitution of the United States or the Constitution of Minnesota, this section enjoyed the presumption of constitutionality. See Minn.Stat. § 645.17(c) (1984). Lovgren's accident occurred on September 9, 1975. On September 16, 1977, the Minnesota Supreme Court declared section 541.051 (1965) unconstitutional on equal protection grounds. *Pacific Indemnity Co. v. Thompson-Yaeger, Inc.*, 260 N.W.2d 548 (1977). Therefore, the two years provided under this presumptively constitutional statute had run nine days before *Pacific Indemnity* was decided.

■ We believe that the trial court could have rested its award of summary judgment to Peoples upon this analysis. How-

ever, the trial court instead determined that Lovgren's cause of action accrued during the hiatus between *Pacific Indemnity* and the 1980 reenactment. It then determined that the current section 541.051 (1980) should be applied retroactively. Therefore, we shall address this issue.

After the declaration of unconstitutionality, section 541.051 was reenacted on April 7, 1980 in amended form. It did not become effective until 115 days later, on August 1, 1980 (1980 Minn.Laws. Ch. 518, § 541.051, subd. 1). As a general rule, "[n]o law shall be construed to be retroactive unless clearly and manifestly so intended by the legislature." Minn.Stat. § 645.21 (1984). However, the Minnesota Supreme Court has stated that "[t]he constitutional prohibitions against retrospective legislation do not apply to statutes of limitation, 'for such a statute will bar any right, however, high the source from which it may be deduced, provided that a reasonable time is given a party to enforce his right.'" *Wichelman v. Messner*, 250 Minn. 88, 108, 83 N.W.2d 800, 817 (1957).

In *Kozisek v. Brigham*, 169 Minn. 57, 60, 210 N.W. 622, 623 (1926), the Minnesota Supreme Court considered the applicability of a two-year medical malpractice statute which had superseded an existing six-year limitation period. As in the instant case, the legislature did not expressly state that the new statute was to be retroactively applied, but did leave a three-month period between the statute's enactment and effective date. In holding that the three months was enough time to allow those having causes of action to commence them before the new statute became effective, the *Kozisek* court stated:

> [Statutes of limitations] "are to be applied to all cases thereafter brought, irrespective of when the cause of action arose, subject, of course, to the universally recognized rule that they cannot be used to cut off causes of action without leaving a reasonable time within which to assert them." * * * The time cannot be pronounced unreasonable unless "so short as under the circumstances to amount to a practical denial of the right itself."

*Id.*, 169 Minn. 57, 60, 210 N.W. 622, 623 (1926) (citations omitted).

In view of the provision for an effective date 115 days after the enactment of section 541.051 (1980) on April 7, 1980, we conclude that the Minnesota legislature intended that section to be applied so as to bar Lovgren's claim. The 115-day postponement of the effective date was a reasonable time for plaintiffs to bring their causes of action. Under the trial court's analysis of this case, Lovgren had nearly five years in which to bring his action against Peoples. Because he failed to satisfy the statutory requirements, the trial court correctly determined that the claim is barred by the statute of limitations.

## DECISION

Construction of a transformer vault on the premises of a steel mill constituted an improvement to real property. Safety devices which were not installed do not alter the characterization of the construction as improvement to real property.

Minn.Stat. § 541.051 (1980) applies to bar Lovgren's action.

Affirmed.