John R. LEE, et al., Appellants,

v.

INDUSTRIAL ELECTRIC COMPANY, et al., Defendants,

Conkey & Associates, Inc., Respondent,

and

McKENZIE–HAGUE–GILLES COMPANY, Defendant and Third Party Plaintiff,

v.

FARMERS UNION GRAIN TERMINAL ASSOCIATION, Third Party Defendant.

No. C8–85–654.

Court of Appeals of Minnesota.

Oct. 29, 1985.

Review Granted Dec. 31, 1985.

Susan R. Nelson, St. Paul, for appellants.

David S. Doty, Minneapolis, for respondent.

Heard, considered and decided by POPOVICH, C.J., and SEDGWICK and LANSING, JJ.

## OPINION

SEDGWICK, Judge.

This appeal is from an order granting respondent's motion to dismiss and judgment entered April 4, 1985. The trial court determined that appellant's claim against respondent Conkey & Associates, Inc. was barred by Minn.Stat. § 541.051 (1980), which imposes a two-year statute of limitations on actions brought in regard to improvements to real property. We reverse.

## FACTS

Appellants John R. Lee, Daryl J. Lee, and James W. Kroska sustained severe injuries when a fire and explosion ripped through the Farmer's Union Grain Terminal Association's elevator (GTA No. 2) in St. Paul on June 10, 1980. Respondent Conkey & Associates, Inc. (Conkey) designed, sold, and installed the original dust collection system in the subject elevator approximately four years before the explosion occurred.

In June, 1981, appellants commenced suit against the Port Authority of St. Paul and Industrial Electric Company. National Farmer's Union Grain Terminal Association was also named as a defendant in the case of John Lee as he was not their employee at the time of the explosion.

In the fall of 1982 appellants' attorneys met with David Conkey, the president of Conkey, to discuss the dust collection systems installed and in operation at GTA No. 2 when the explosion took place. He described the modifications to his company's original system made by two engineering firms, McKenzie-Hague-Gilles Company (MHG) and Walker Jamar Company (Walker Jamar). Based on this discussion, appellants amended their complaint on November 10, 1982, to include Walker Jamar and MHG as defendants, alleging that the modifications to the Conkey system created a dust control problem which proximately caused the explosion.

In June, 1984, appellants' attorneys met with an expert in grain dust control who examined the design of the Conkey control systems. It was the expert's opinion (his examination was made on the condition that his identity be kept secret) that significant defects in the Conkey dust control systems caused excessive and explosive levels of airborne and layered dust to accumulate in the elevator, contributing in part to the explosion.

With this new information, appellants moved a second time to amend their complaint to include Conkey as an additional defendant. Conkey argued that appellants' claims were barred by Minn.Stat. § 541.051

(1980), which imposes a two-year statute of limitations on actions brought in regard to improvements to real property. The trial court agreed and granted respondent's motion to dismiss.

## ISSUE

Did the trial court err in determining that appellants' negligence claim against Conkey was barred by the statute of limitations?

## ANALYSIS

Minn.Stat. § 541.051 imposes a two-year statute of limitations on actions relating to injuries arising out of "the defective and unsafe condition of an improvement to real property." In 1977, the Minnesota Supreme Court declared section 541.051 (1965) unconstitutional on equal protection grounds. *Pacific Indemnity Co. v. Thompson-Yaeger, Inc.,* 260 N.W.2d 548 (Minn.1977). On April 7, 1980, the Minnesota Legislature amended the statute to its present form to cure the constitutional defects cited in *Pacific Indemnity.* Although passed in early April, the statute did not become effective until 115 days later, on August 1, 1980. (1980 Minn.Laws Ch. 518, § 541.051, subd. 1). The amended statute provides in pertinent part:

> Except where fraud is involved, no action by any person in * * * tort * * * to recover damages * * * for bodily injury * * * arising out of the defective and unsafe condition of an improvement to real property * * * shall be brought against any person performing or furnishing the design, planning, supervision, materials, or observation of construction or construction of the improvement to real property * * * more than two years after discovery thereof.

Respondent Conkey argued and the trial court agreed that amended Minn.Stat. § 541.051 (1980) should be retroactively applied to bar appellants' personal injury actions which arose two months before the law became effective. Appellants disagree, contending that the legislature did not clearly evidence an intent that the stat-ute operate retroactively. Without retroactive application, the general tort six-year limitation period would apply. *See Wegan v. Lexington,* 309 N.W.2d 273, 281 (Minn. 1981) (Dram Shop action was governed by six-year statute of limitation until legislature corrected constitutional infirmities of liquor liability statute.).

In finding that § 541.051 applied retroactively, the trial court relied on two Minnesota cases, *Kozisek v. Brigham,* 169 Minn. 57, 210 N.W. 622 (1926) and *State ex rel. Anderson v. General Accident Fire and Life Assurance Corp.,* 134 Minn. 21, 158 N.W. 715 (1916), which held that postponement of an amended limitations statute's effective date evidenced a clear intent by the legislature to apply the new law retroactively.

The court's reliance on *Kozisek* and *Anderson* is misplaced. Both *Kozisek* and *Anderson* were decided before passage of Minn.Stat. § 645.21 (1941), which requires clear legislative intent to apply a statute retroactively.

Further, *Kozisek* and *Anderson*'s holdings are doubtful in light of *Cooper v. Watson,* 290 Minn. 362, 187 N.W.2d 689 (1971), decided by the Minnesota Supreme Court with the command of Minn.Stat. § 645.21 firmly in mind.

> No law shall be construed to be retroactive unless clearly and manifestly so intended by the legislature.

Minn.Stat. § 645.21 (1984) (originally enacted in 1941 Minn.Gen. Laws, ch. 492, § 21).

In *Cooper,* the court considered the retroactive effect of a workers' compensation statute, which, like *Kozisek* and *Anderson,* was passed with a specific postponement date. The *Cooper* court refused, however, to apply the statute retroactively. It stated:

> The legislature has stated the effective date of subd. 10 and has not given the slightest hint of an intention that it should be applied retroactively. In the absence of such an intention, the courts in this state are not entitled to impart retroactive effect to subd. 10.

*Cooper*, 290 Minn. at 368, 187 N.W.2d at 693.

We found a difference between statutes of limitations and substantive statutes in *Lovgren v. Peoples Electric Co.*, 368 N.W.2d 16 (Minn.Ct.App.1985), *pet. for rev. granted* (Minn. July 26, 1985). The resolution of the issue of retroactive application of § 541.051 in *Lovgren* was neither involved with, nor necessary to, the resolution of that case. We consider that portion of the decision to be *obiter dictum* and therefore of no precedential value.

█ Minn.Stat. § 645.21 draws no distinction between laws affecting procedural and substantive rights. "Generally, it is immaterial in this state whether a law alters procedural or substantive rights; the legislature still must express its intention to make it retroactive." *Estate of Murphy v. State, Department of Public Welfare,* 293 Minn. 298, 308, 198 N.W.2d 570, 576 (1972) (citing *Chapman v. Davis*, 233 Minn. 62, 65, 45 N.W.2d 822, 824 (1951)).

█ The determination of whether a law complies with Minn.Stat. § 645.21 requires a two-tiered analysis. First, the statutory requirement of § 645.21 must be met. Did the legislature clearly intend the statute to be applied retroactively? If it is determined that the legislature intended retroactive application, then consideration of the constitutional question is appropriate. Did the legislature afford reasonable time for parties to commence their actions? Because we cannot find a clear intent by the legislature to apply Minn.Stat. § 541.-051 retroactively, we do not reach the second part of the analysis.

### DECISION

Minn.Stat. § 541.051 (1980) cannot be applied retroactively. Appellant's claim against respondent Conkey is not barred.

Reversed.

POPOVICH, C.J., dissents.

POPOVICH, Chief Judge (dissenting).

I respectfully dissent and would affirm the trial court:

1. Minn.Stat. § 541.051 providing a two year statute of limitations was enacted April 7, 1980, effective August 1, 1980. It provides that any claim must be brought within two years of the date of discovery of the damages. Here, the explosion occurred in June 1980, four years before the assertion of claims against Conkey. Appellants should have filed their claim by August 1982, but did not do so until September 1984.

2. The trial court found Minn.Stat. § 541.051 applied retroactively and that the postponement of the statute's effective date evidenced a legislative intent to apply the law retroactively, relying on *Kozisek v. Brigham,* 169 Minn. 57, 210 N.W. 622 (1926), where the legislature provided a three month period between the statute's enactment and effective date. We recently addressed the retroactive issue of Minn.Stat. § 541.051 in *Lovgren v. Peoples Electric Co.,* 368 N.W.2d 16 (Minn.Ct.App. 1985). A petition for review, filed June 11, 1985, was granted by the supreme court July 26, 1985. *Lovgren* held that the statute should be applied retroactively, relying exclusively on the 115 day postponement of the statute's effective date as providing a reasonable time in which the plaintiff could have filed a cause of action. Here, however, the majority, rather than applying the precedent of *Lovgren,* state they consider that portion of the decision to be *obiter dictum* and of no precedential value. This is an indirect way of overruling another court of appeals' panel without directly saying so and a practice which I would hope would now cease and not continue.

3. Even if the statute was not considered to be retroactive in application, the dismissal should be affirmed because the appellants had two full months before the effective date of the statute and 22 months after the effective date from the time of the explosion in June 1980 to have filed their claim. Appellants delayed over four years after the statute's effective date. At the very least, the statute should be applied

from August 1, 1980 to bar those claims that existed but were not filed before August 1, 1982. As with other potential plaintiffs, appellants became fully advised of the two year limitation when the statute was enacted. Their failure to timely commence their action ignores the express words of the statute itself. At the very least, it should be applied to claims in existence at the time the statute became effective. A prospective application of the statute would give full effect to the statute and would not deprive appellants of any due process rights. Appellants conducted extensive discovery, investigated their claims, and sued a number of defendants by June 1981. To permit a claim against Conkey under the facts here would permit a potential plaintiff to have an additional two year period whenever a theory of liability was developed against someone after the two year period elapsed from the incident or the discovery of the damage itself. Once a cause of action has occurred, ignorance is not an excuse sufficient to avoid the statutory period. *See Dalton v. Dow Chemical Co.*, 280 Minn. 147, 158 N.W.2d 580 (1968).

4. Thus I would affirm and permit the parties to petition for discretionary review or, in the alternative, certify to the supreme court for their final decision in view of accepting review of *Lovgren.*