Ellis **LOVGREN**, et al.,
Petitioners, Appellants,

v.

**PEOPLES ELECTRIC COMPANY,
INC., Respondent.**

No. C7–84–2210.

Supreme Court of Minnesota.

Feb. 7, 1986.

Joseph Herbuluck, Minneapolis, for appellants.

Eric J. Magnuson, David M. Bolt, Minneapolis, for respondent.

Lee F. Haskell, Minneapolis, for City of Burnsville; Michael W. Unger, Minneapolis, for MN Trial Lawyers Ass'n, amicus.

YETKA, Justice.

On August 14, 1981, appellants Ellis and Phyllis Lovgren amended their pending cause of action to include as a defendant Peoples Electric Company, Inc., respondent. Peoples Electric moved for summary judgment on September 24, 1984. The Hennepin County District Court granted the motion and dismissed the suit on November 7, 1984. The Lovgrens appealed to the Minnesota Court of Appeals, which affirmed the district court dismissal on May 21, 1985, *Lovgren v. Peoples Electric Co., Inc.*, 368 N.W.2d 16. On June 13, 1985, the Lovgrens petitioned this court for further review, and the court granted the petition on July 26, 1985. On the same date, the court permitted the Minnesota Trial Lawyers' Association to file an amicus curiae brief. We reverse and remand for trial.

On September 9, 1975, appellant Ellis Lovgren, a 48-year-old electrician for North Star Steel Company, received a high voltage electrical shock when he touched a tension bus bar in a transformer vault on his employer's premises. The electrical shock caused permanent burns, heart damage and the eventual amputation of Lovgren's left arm.

Lovgren did not begin a personal injury action until more than 2 years and 7 months had elapsed. The statute of limitations then in effect for personal injury claims arising out of defective or unsafe improvements to real property was 2 years from discovery. Minn.Stat. § 541.051 (1976). In *Pacific Indemnity Co. v. Thompson-Yaeger, Inc.*, 260 N.W.2d 548 (Minn.1977), this court ruled section 541.-051 unconstitutional.[1] *Pacific Indemnity* was decided on September 16, 1977, 2 years and 7 days after Ellis's accident. The legislature re-enacted section 540.051 without its constitutional infirmities on April 7, 1980, and thereby re-established the 2-year statute of limitations. 1980 Minn.Laws 518, §§ 2, 3, 4. The statute did not include an effective date and, therefore, pursuant to Minn.Stat. § 645.02 (1984), became effective on August 1.

On April 24, 1978, Ellis and Phyllis Lovgren began a personal injury suit against Northern States Power Company. The Lovgrens amended their complaint on August 14, 1981, in order to bring in several other defendants, including respondent Peoples Electric Company upon which they served a summons and complaint.[2] Peoples Electric had installed the transformer vault and, with the other defendants, was sued by Lovgren on negligence and strict liability grounds. On October 14, 1981, Peoples Electric filed an answer denying the allegations and affirmatively alleging, *inter alia*, that the suit was barred by laches and that the applicable statute of limitations had run. Peoples Electric also filed cross-claims. The other defendants, however, were subsequently dismissed by Lovgren, and Peoples Electric, as a third-party plaintiff, dismissed all claims.

Peoples Electric moved for summary judgment, which the Hennepin County Dis-

---

**1.** The court ruled section 541.051 unconstitutional on equal protection grounds, finding that the distinction caused by the statute between the classes of defendants afforded protection was without a rational basis. *Pacific Indemnity,* 260 N.W.2d at 550. The current statute broadens the class of defendants protected by the shorter statute of limitations. Minn.Stat. § 541.051 (1984). In *Calder v. City of Crystal,* 318 N.W.2d 838 (Minn.1982), the court upheld the constitutionality of the current section 541.051.

**2.** The other defendants were Gamma Engineering, Ltd.; Ferraco Engineering, Inc.; and Westinghouse Electric Co. Northern States Power Company impleaded North Star Steel Company, but the third-party claim was later settled.

trict Court granted on September 24, 1984, and entered judgment pursuant to the order on November 7, 1984. The court ruled that Lovgren's claim against Peoples Electric was barred by the current section 541.-051 and dismissed the case with prejudice and costs. Finding that the cause of action accrued during the "hiatus period" between *Pacific Indemnity* and the re-enactment of section 541.051 in 1980, the court held that the statute of limitations would be retroactively applied since that was the intent of the legislature as expressed in the delay period between the date of the statute's enactment and the effective date.[3] Lovgren appealed to the Minnesota Court of Appeals on December 19, 1984.

The court of appeals affirmed the district court dismissal on May 21, 1985. *Lovgren v. Peoples Electric Co.*, 368 N.W.2d 16 (Minn.Ct.App.1985). Finding that the transformer vault was an improvement to real property within the meaning of section 541.051, the court upheld, on two grounds, the district court's determination that the statute of limitations had run. First, since more than 2 years had elapsed between the date of the accident and the date when section 541.051 was declared unconstitu-

tional, the court found that the original section 541.051 barred Lovgren's suit. Second, the court ruled that if the claim were to have accrued during the "hiatus period," as the district court found, Lovgren would still be barred by the retroactive application of the current section 541.051. The court reached this conclusion on the grounds that section 541.051 did not concern substantive rights, and it was the intent of the legislature to have the statute retroactively applied as expressed by the statute's delayed effective date.[4]

Lovgren's petition for further review was granted by this court on July 26, 1985.

The original issues raised on appeal were:

I. Does the transformer vault qualify as an "improvement to real property" under Minn.Stat. § 541.051?

II. When did Lovgren's cause of action accrue?

III. Was the court of appeals correct in holding that Minn.Stat. § 541.051 bars Lovgren's cause of action?

■■■ The main issue in this case is whether Minn.Stat. § 541.051 (1984) bars Lovgren's suit.[5] At oral argument, the

---

**3.** The court did not state on what grounds it found that the cause of action accrued in the "hiatus period" between *Pacific Indemnity* and the enactment of the current section 541.051 instead of accruing at the time of the accident. Furthermore, the court made no finding of fact concerning exactly when, during this period, the cause of action accrued.

**4.** On October 29, 1985, the court of appeals reversed itself concerning the retroactive application of the current section 541.051 in *Lee v. Industrial Electric Co.*, 375 N.W.2d 572 (Minn. Ct.App.1985). In *Lee*, the plaintiffs were injured by the explosion of a dust collection system in the Farmer's Union Grain Terminal occurring in June 1980. The current section 541.051 became effective August 1, 1980, but the plaintiffs did not bring suit against Conkey, Inc., the designer and installer of the dust collection system, until 1984. At issue, therefore, was solely the retroactive application of the statute. The district court held that the legislature intended the retroactive application of section 541.051. The court of appeals, however, reversed the district court, holding that the delayed effective date was insufficient evidence of legislative intent and that, under Minn.Stat. § 645.21 (1984), the statute would not be held retroactive. In

respect to *Lovgren,* the court of appeals majority stated:

> We found a difference between statutes of limitations and substantive statutes in *Lovgren v. Peoples Electric Co.,* 368 N.W.2d 16 (Minn.Ct.App.1985), *pet. for rev. granted* (Minn. July 26, 1985). The resolution of the issue of retroactive application of § 541.051 in *Lovgren* was neither involved with, nor necessary to, the resolution of that case. We consider that portion of the decision to be *obiter dictum* and therefore of no precedential value.

*Lee,* 375 N.W.2d at 575. In his dissent, Chief Judge Popovich objected to the indirect overruling of the *Lovgren* panel by the *Lee* panel, especially when *Lovgren* was before this court on petition for further review, and stated that section 541.051 should be applied to all such causes of action in existence at the time the current statute became effective.

**5.** Preliminary to the main issue is whether Lovgren's cause of action qualifies as an injury arising out of an improvement to real property as the term is used in section 541.051. While the issue was not raised in the district court and has not been briefed by the parties, it was raised

parties, through their counsel, greatly simplified the original issues. Counsel for Peoples Electric stated that its appeal would not be based on the theory that the 1976 version of section 541.051, although ruled unconstitutional in *Pacific Indemnity*, nonetheless, served to bar Lovgren's cause of action.[6] Therefore, we need only to discuss at length the retroactive application of the current section 541.051 to Lovgren's claim. In addition, counsel for Lovgren concedes that the cause of action accrued at the time of injury. Thus, whatever statute of limitations applies, it began to run as of September 9, 1975.

■ Therefore, the only issue left to be decided by this court is whether the current section 541.051 should be retroactively applied or whether Lovgren's cause of action is governed by the general 6-year statute of limitations for tort causes of action in Minn.Stat. § 541.05, subd. 1(5) (1984). If the current statute were to be retroactively applied, Lovgren's claim would be barred as of September 9, 1977. However, we find that we have no grounds for inferring that the legislature intended the retroactive application of the current section 541.051 to claims existing when it was enacted in

1980. We hold that Lovgren's claim was governed by the general 6-year period. Since Lovgren brought suit against Peoples Electric within 6 years of accrual, we reverse the court of appeals and the district court and remand the case for trial.

Minn.Stat. § 645.21 provides: "No law shall be construed to be retroactive unless clearly and manifestly so intended by the legislature." To apply the current section 541.051 2-year statute of limitations to claims existing in 1980 under a 6-year statute of limitations is clearly the retroactive application of the law. Furthermore, as this court has stated: "Generally, it is immaterial whether a law alters procedural or substantive rights; the legislature must still express its intention to make it retroactive." *In re Estate of Murphy v. State Department of Public Welfare,* 293 Minn. 298, 308, 198 N.W.2d 570, 576 (1972); *see also Cooper v. Watson,* 290 Minn. 362, 187 N.W.2d 689 (1971).[7] Thus, the issue is whether the legislature clearly and manifestly expressed its intention that section 541.051 be retroactively applied to claims such as Lovgren's which were existing in 1980 under the 6-year limitations period. It is respondent Peoples Electric's position

---

before and addressed by the court of appeals. Section 541.051, subdivision 1 provides:

> Except where fraud is involved, no action by any person in * * * tort * * * to recover damages * * * for bodily injury * * * arising out of the defective and unsafe condition of an improvement to real property * * * shall be brought against any person performing or furnishing the design, planning, supervision, materials, or observation of construction or construction of the improvement to real property * * * more than two years after the discovery thereof * * *.

*Id.* Focusing on the nature of the transformer vault, the court of appeals found that the vault was a permanent addition to the factory that enhanced the value of the property and, thus, an "improvement to real property" as defined by this court. *Lovgren,* 368 N.W.2d at 18. *See Pacific Indemnity,* 260 N.W.2d at 554; *Kloster-Madsen, Inc. v. Tafi's Inc.,* 303 Minn. 59, 226 N.W.2d 603 (1975). This finding is convincing and has apparently been accepted by the petitioner.

6. Once a statute is found unconstitutional, we have held it to be void ab initio. *See McGuire v.*

*C & L Restaurant, Inc.,* 346 N.W.2d 605, 614 (Minn.1984) ("[I]f the court finds a statute unconstitutional, the statute is not a law; it is just as inoperative as had it never been enacted."); *State v. One Oldsmobile Two-Door Sedan,* 227 Minn. 280, 35 N.W.2d 525 (1948); *Gamble-Robinson Co. v. Pennsylvania Railroad Co.,* 157 Minn. 306, 196 N.W. 266 (1923). The presumption of constitutionality in Minn.Stat. § 645.17, subd. c (1984) is a rule of statutory construction to be employed by the courts when facing a challenge to the constitutionality of a statute; once a statute is ruled unconstitutional, it is void ab initio. Therefore, Lovgren's claim was not barred by the original section 541.051 since we found the statute unconstitutional in *Pacific Indemnity.*

7. In *Wichelmen v. Messner,* 250 Minn. 88, 83 N.W.2d 800 (1957), the court stated that the constitutional prohibition against retroactive application of law does not apply to statutes of limitations. At issue in the present appeal, however, is the interpretation of section 645.21 which makes no distinction between substantive and procedural laws in its general prohibition against retroactivity.

that the requisite legislative intent was expressed by the 115-day delay period between the statute effective date and its enactment date.

■ The 115-day delay occurred because section 541.051 contained no effective date when enacted on April 7, 1980. Without an express effective date, the statute became law on August 1, the uniform enactment date for all legislation not containing an express date.[8]

■ We hold that the 115-day delay period is not sufficient evidence of a clear and manifest legislative intent that section 541.-051 be applied retroactively. In prior cases where the court has found sufficient evidence of the requisite legislative intent, there have been provisions in the statute clearly providing for retroactive application or, at least, a delayed enactment date has been explicitly included in the provisions of the statute. *See, e.g., Viereck v. Peoples Savings and Loan Ass'n*, 343 N.W.2d 30 (Minn.1984); *Kozisek v. Brigham*, 169 Minn. 57, 210 N.W. 622 (1926) (the court, under a due process analysis, allowed the retroactive application of a statute that expressly provided for a delayed effective date); *State ex rel. Anderson v. General Accident Fire and Life Assurance Corp.*, 134 Minn. 21, 158 N.W. 715 (1916) (the court refused to allow the retroactive application of a statute that expressly contained a delayed enactment period because it found that the delay period could have been for reasons other than to allow for retroactivity).

■ Therefore, we hold that, following our decision in *Pacific Indemnity*, the 6-year statute of limitations applies to suits such as Lovgren's that existed prior to August 1, 1980, and that the 1980 amendment applies only to causes of action arising after August 1, 1980.

**8.** Minn.Stat. § 645.02 (1984) was passed in order to set a uniform effective date for all legislation without specific effective dates: "Each act, except one making appropriations, enacted finally at any session of the legislature takes effect on August 1 next following its final enactment, unless a different date is specified in the act."

The court of appeals and the trial court are reversed and the case is remanded.

SIMONETT, J., took no part in the consideration or decision of this case.