Richard SCHWARDT, et al., Appellants,

v.

MODERN GRAIN SYSTEMS, INC., Modern Farm Systems, Inc., M & M Grain, Inc., Railoc Company, Inc., Web Construction Company, Respondents.

No. C9–86–172.

Court of Appeals of Minnesota.

July 15, 1986.

John Kallestad, Schneider & Kallestad, Willmar, for appellants.

Raymond C. Krause and Ruth M. Harvey, Blethen, Gage & Krause, Mankato, for Modern Grain Systems, Inc.

Keith J. Kerfeld, Rider, Bennett, Egan & Arundel, Minneapolis, for Modern Farm Systems, Inc.

John S. Beckman, Hoversten, Strom, Johnson & Rasavy, Austin, for M & M Grain, Inc.

Robert M. Austin, Austin & Roth, Minneapolis, for Railoc Co., Inc.

John C. Hottinger, Hottinger Law Offices, Mankato, for Web Const. Co.

Heard, considered and decided by FORSBERG, P.J., and WOZNIAK and RANDALL, JJ.

## OPINION

FORSBERG, Judge.

Richard and Carolyn Schwardt appeal from a summary judgment entered November 8, 1985. They appeal from the ruling that the 2–year statute of limitations of Minn.Stat. § 541.051 (1984) applied retroactively to bar their lawsuit. Schwardts also appeal from the trial court's dismissal of their claim of negligent maintenance against respondent M & M Grain, Inc. We reverse on the statute of limitations issue.

## FACTS

This appeal arises out of personal injuries allegedly sustained by Richard Schwardt in an accident which occurred on January 11, 1980. Schwardt claims he sustained a severe and permanently disabling head injury when he fell from a ladder affixed to the side of a grain bin in Amboy, Minnesota. Carolyn Schwardt has asserted a derivative claim.

The grain bin was manufactured by Modern Farm Systems, Inc. (Modern Farm). The ladder was manufactured by Railoc Company. The components (bin and ladder) were sold by Modern Farm through its distributor, Modern Grain Systems, Inc. (MGS), and erected by Web Construction Company, Inc. (Web), in 1971.

Appellant was employed by Pillsbury Company at the time of the accident. Pillsbury had leased both the property and the bin from M & M Grain beginning September 27, 1978.

The site was previously owned by Don Olson who was operating a company called Amboy Grain. In 1951 Olson bought six large commercial grain bins with capacity in excess of 30,000 bushels, to be installed at the Amboy site. Olson sold the bin site to M & M Grain in 1976. M & M Grain operated the bin site until 1978 when it leased the site to Pillsbury.

On several of these bins there are ladders permanently bolted or fixed to the metal sides of the structure. The ladder from which Schwardt fell was permanently affixed to the grain bin which was mounted on a concrete foundation.

Paragraph 7 of the lease states:

Lessee shall provide such repairs or maintenance as are necessary to keep the leased premise property in as good a state of repairs when turned into the lessee, normal wear and tear excepted. In the event that any modification or capital improvements of the leased premises is required by any governmental agency or body, the cost of any such modification shall be paid by lessor. Should lessor decide not to make such modification or capital improvement, lessee shall have the option to do so at its own expense or to terminate this lease without further obligation under the terms hereof.

Neither M & M Grain nor Pillsbury modified the bins or ladders before the acci-

dent. Pillsbury did not request that M & M Grain make changes.

Appellants allege that M & M Grain knew at the time it entered into the lease with Pillsbury that the ladder involved in this lawsuit did not comply with federal OSHA standards. Evidence presented to the trial court shows that a principal of both M & M Grain and MGS, Gerald Martin, knew there were OSHA requirements regarding fixed ladders in 1974 or 1975, when the regulations were enacted. These included regulations governing width and spacing of rungs and the toe space between rungs and walls. Martin admitted that the applicability of the requirements depended on the use of the particular ladder. Martin also testified that a tank or grain bin such as the one in question here had a commercial rather than a farm application.

Prior to leasing the M & M premises to Pillsbury, M & M had had another larger bin constructed on the site in either December, 1977 or January, 1978. Apparently the ladders attached to the new bin complied with the OSHA standards. The lease to Pillsbury commenced eight months later.

After Schwardt fell, Pillsbury requested a change and subsequently M & M modified the ladders to comply with OSHA standards.

MGS asserts that key facts in considering its position are that Schwardt cannot remember falling, he cannot state how the accident occurred and cannot state that any alleged defect was causally related to the fall. There were no witnesses to the accident. At the time of the accident, it was late (10:00 p.m.), he had been working 16 to 18 hour days, and it was cold and windy.

Schwardt asserted four causes of action in the complaint. The first alleges negligent manufacture, design, and installation of the grain bin and attached ladders, as well as negligent use, operation, and maintenance of the bin. The second cause of action alleges breach of warranty relating to the ladder and bin. The third asserts strict liability and the fourth seeks punitive damages.

The complaints were served on the respondents between October 29, 1982, and January 3, 1983. All respondents moved for summary judgment on grounds that the action is barred by Minn.Stat. §§ 541.051 and 544.41.

The trial court held that the suit was barred by the statute of limitations of Minn.Stat. § 541.051. Following this court's opinion in *Lovgren v. Peoples Electric Company, Inc.*, 368 N.W.2d 16 (Minn. Ct.App.1985), the trial court held the statute's 2–year limitation on claims applied retroactively to appellants' suit.

Additionally the trial court dismissed appellants' claim of negligent maintenance against M & M Grain. The court noted that the negligent maintenance cause of action is excepted from the operation of section 541.051. The court dismissed the claim, stating:

It is clear from the provisions of the lease * * * that Pillsbury had the obligations of maintenance. Defendant M & M Grain, Inc., reserves no right to come upon the premises for the purpose of inspection, servicing or repairing. Plaintiff does not specify in what respect M & M Grain, Inc. was negligent in maintenance of the bin and ladders. Negligence is charged against M & M Grain, Inc., in a shotgun approach. The allegations of the complaint, as well as answers made by plaintiff to interrogatories, show quite clearly that what plaintiff is claiming here is unsafe and defective equipment, subject to the limitation period of the statute.

Minnesota Statutes Section 541.051 excepts from the limitation period any person in actual possession or control as owner, tenants or otherwise. Here Pillsbury is the lessee and is in control by virtue of its lease. Pillsbury is insulated from liability by the compensation action. Though M & M Grain may be an owner, it is not in actual possession and control. See *Fjelman v. Weller*, 213 Minn. 457, 7 N.W.2d 521. Thus the limitation period applies to it.

## ISSUE

Does the 2–year limitation period of Minn.Stat. § 541.051 apply retroactively to bar appellants' suit?

## ANALYSIS

■ All parties agree that the supreme court's opinion in *Lovgren v. Peoples Electric Company,* 380 N.W.2d 791 (Minn. 1986), decided subsequent to the trial court's rulings, requires this court to reverse the summary judgment. In *Lovgren* the supreme court held that the 2–year limitation of Minn.Stat. § 541.051 (1984), as enacted in 1980 does not apply retroactively. *Id.* at 795. Thus the general 6–year statute of limitations for tort causes of action set out in Minn.Stat. § 541.05, subd. 1(5) (1984) applies to appellants' lawsuit. *See id.* The complaints were served within the 6–year period.

■ Respondents M & M Grain and MGS briefed other issues which were not reached by the trial court and thus will not be dealt with on appeal. M & M Grain poses the question whether appellants' theory of strict tort liability against it states a cause of action. MGS seeks a determination by the appeals court whether appellants' failure to establish a prima facie case of causation entitles it to summary judgment on all claims. This issue was commented on by the trial court, although no ruling was made by the court:

> The Court is somewhat puzzled by the fact that the record does not reveal what caused the accident. While the explanation was given that plaintiff fell from the ladder, there is nothing to substantiate this. In his answers to several interrogatories, plaintiff says that he has no recollection after being told to go into a bin. He also says that there were no eye witnesses. If there was some defect in the ladder, there is no way of showing that such defect is the cause. While OSHA or other regulation may have been violated, there is nothing to show that the violation was a cause of the accident.

These comments were not an essential part of the trial court's actual rulings. This dicta should not deprive appellant of an opportunity to present facts establishing causation to the court on remand, especially since causation was not at issue in the summary judgment motions. The role of an appellate court is narrowly confined:

> A reviewing court must limit itself to a consideration of only those issues that the record shows were presented and considered by the trial court in deciding the matter before it.

*Thayer v. American Financial Advisers, Inc.,* 322 N.W.2d 599, 604 (Minn.1982).

## DECISION

Issues which were not ruled on by the trial court will not be decided on appeal. The statute of limitations of Minn.Stat. § 541.051 does not apply retroactively to bar this action under *Lovgren v. Peoples Electric Company,* 380 N.W.2d 791 (Minn. 1986).

Reversed.