SHERBROOK COMPANY, Respondent,

v.

E & H EARTH MOVERS, INC., Appellant.

No. C7-87-1797.

Court of Appeals of Minnesota.

March 1, 1988.

Review Denied April 20, 1988.

Virgil C. Herrick, Herrick & Newman, P.A., Fridley, for Sherbrook Co.

Michael S. Kreidler, Lasley, Gaughan, Stich & Angell, P.A., Minneapolis, for E & H Earth Movers, Inc.

Heard, considered and decided by
FORSBERG, P.J., and
NIERENGARTEN and CRIPPEN, JJ.

## OPINION

FORSBERG, Judge.

This appeal is from an amended order denying E & H Earth Movers' motion for dismissal and certifying the issues raised in that motion as important and doubtful under Minn.R.Civ.App.P. 103.03(h). We affirm the trial court's disposition of the motion.

## FACTS

The facts are not in dispute. Respondent Sherbrook Company ("Sherbrook"), a property developer, contracted with appellant, E & H Earth Movers ("E & H"), on October 13, 1978. E & H agreed to grade and grub property and render it suitable for building foundations. E & H substantially completed the work by July 31, 1980.

Sherbrook discovered a material breach of the contract on July 1, 1983, when soil tests showed that the land was improperly prepared for building sites. Sherbrook brought this action for breach of contract, and personally served E & H with a complaint on October 30, 1985.

In its answer, E & H denied the breach and asserted that Sherbrook's claim was untimely under the two-year limitation provided in Minn.Stat. § 541.051 (1984). E & H thereafter moved for dismissal.

In denying the motion, the trial court concluded that the two-year limitation did not bar the claim because

the statutory words "defective and unsafe condition of an improvement to real property" do not apply to the [E & H's] soil correction activities involved here.

## ISSUE

Did the trial court err in determining that the two-year limitation of Minn.Stat. § 541.051 (1984) did not apply to this breach of contract claim?

## ANALYSIS

Minn.Stat. § 541.051, subd. 1 (1984) provides in part:

Except where fraud is involved, no action by any person in contract, tort, or otherwise to recover damages * * * *arising out of the defective and unsafe condition* of an improvement to real property * * * shall be brought more than two years after the discovery thereof * * *.

(Emphasis added.)

Sherbrook's claim is based solely on a defective improvement, not on an injury arising from an unsafe condition. Our supreme court has applied the statute only to claims involving an injury caused by a defective and unsafe condition in an improvement. See *Wittmer v. Ruegemer*, 419 N.W.2d 493 (Minn.1988) (flooding caused by defective septic system); *Frederickson v. Alton M. Johnson Co.*, 402 N.W.2d 794 (Minn.1987) (explosion caused by defective switchboard); *Bulau v. Hector Plumbing and Heating Co.*, 402 N.W.2d 528 (Minn. 1987) (fire caused by defective fireplace); *Ocel v. City of Eagan*, 402 N.W.2d 531 (Minn.1987) (flooding caused by defective sewage system); *Lovgren v. Peoples Electric Co.*, 380 N.W.2d 791 (Minn.1986) (electric shock caused by defective transformer vault); *Calder v. City of Crystal*, 318 N.W. 2d 838 (Minn.1982) (flooding caused by defective drainage system); *Capitol Supply Co. v. City of St. Paul*, 316 N.W.2d 554 (Minn.1982) (flooding caused by defective sewage system); *Pacific Indemnity Co. v. Thompson-Yaeger, Inc.*, 260 N.W.2d 548 (Minn.1977) (fire caused by defective furnace). The reason cases seem to arise only in tort actions would seem to be that the *unsafe* condition gives rise to the lawsuit. In this case, there is nothing to indicate that the land has been rendered unsafe, and the claim is not based on any injury similar to the injuries considered in the cases previously cited.

## DECISION

Sherbrook's claim is not barred by Minn. Stat. § 541.051 (1984).

Certified question answered in the affirmative.