Mark and Laura SLETTO, individually and as parents and natural guardians of Travis Sletto, Appellants,

Katrina Sletto, Plaintiff,

v.

WESLEY CONSTRUCTION, INC., d/b/a Wesley Homes, Respondent,

Dale Kleven, et al., Defendants,

and

Wesley Construction, Inc., d/b/a Wesley Homes, defendant and third party plaintiff, Respondent,

v.

Steve Johnson, d/b/a Quality Construction, Third Party Defendant,

Automated Building Components, Inc., third party defendant, Respondent,

SNE Enterprises, Inc., d/b/a Crestline Windows and Doors, third party defendant, Respondent.

No. A06–1413.

Court of Appeals of Minnesota.

July 3, 2007.

David D. Hammargren, Anthony W. Thompson, Hammargren & Meyer, P.A., Roger R. Roe, Jr., Best & Flanagan, LLP, Minneapolis, MN, for appellants Mark and Laura Sletto.

Robyn N. Moschet, Cheryl Hood Langel, McCollum, Crowley, Moschet & Miller, Ltd., Minneapolis, MN, for respondent Wesley Construction, Inc.

Nicholas J. Eugster, Messerli & Kramer P.A., Minneapolis, MN, for respondent Steve Johnson.

Jeffrey A. Magnus, Law Offices of Jeffrey A. Magnus, Edina, MN, for respondent Automated Building Components.

Michael S. Kreidler, Stich, Angell, Kreidler & Dodge, P.A., Minneapolis, MN, for respondent SNE Enterprises, Inc.

Considered and decided by LANSING, Presiding Judge; HALBROOKS, Judge; and HUDSON, Judge.

## OPINION

LANSING, Judge.

After discovering mold and water damage in their house, the homeowners filed statutory-warranty and common-law negli-

gence claims against the homebuilder. The district court concluded that the statute limiting actions arising from real-property improvements barred the suit and granted summary judgment against all of the homeowners' claims. Because the 2004 amendment to the statute does not extinguish the homeowners' statutory-warranty claim, we affirm in part, reverse in part, and remand.

## FACTS

Mark and Laura Sletto purchased a house in Rosemount from John and Linda Stark in 1993. The house had been built in 1990 by Wesley Construction (Wesley) and was sold to the Starks that same year.

About ten years after the Slettos' 1993 purchase, they first noticed water damage and mold contamination in their house. The Slettos notified Wesley, vacated the house, and hired a contractor to repair the conditions.

In November 2004, the Slettos sued Wesley, raising a statutory-warranty claim under Minn.Stat. § 327A.05 (2004) and five common-law claims based on Wesley's construction of the house. Wesley subsequently filed third-party contribution and indemnity claims against subcontractors who had worked on the construction of the house.

Wesley and the third-party defendants moved for summary judgment, arguing that the statute limiting actions arising from real-property improvements barred both the Slettos' common-law claims and their statutory-warranty claim. The statute provides that, unless a defect is concealed through fraud, a *common-law* construction claim cannot "accrue more than ten years after substantial completion of the construction." Minn.Stat. § 541.051, subd. 1(a) (2006). Wesley and the third-party defendants asserted that a 2004 amendment to the statute imposed a simi-

lar limitation on *statutory-warranty* claims. The subcontractors also argued that Wesley's contribution and indemnity claims against them were barred by the statute.

The district court concluded that the amended statute applied to the Slettos' statutory-warranty claim and therefore dismissed the claim. Furthermore, because the Slettos' common-law claims were brought more than ten years after completion of construction, the district court concluded that those claims were barred unless the defects were fraudulently concealed. The district court therefore ordered that discovery continue solely on the issue of fraud. After further discovery, the district court granted summary judgment on the fraud issue as well. As a result, all of the Slettos' claims were dismissed. Because all of the Slettos' claims were dismissed, the district court also dismissed Wesley's contribution and indemnity claims against the subcontractors. The Slettos appeal the application of the amended statute and the grant of summary judgment on the fraud issue.

## ISSUES

I. Does the text of the 2004 amendment to Minn.Stat. § 541.051 clearly and manifestly indicate that the amended statute should be applied retroactively?

II. Did the district court's application of the amended statute to the Slettos' statutory-warranty claim produce an impermissibly retroactive result?

III. Did the district court err by finding that the Slettos failed to support their common-law claims with sufficient evidence of fraudulent concealment of construction de-

fects to withstand summary judgment?

IV. Can summary judgment be independently affirmed in favor of the third-party defendants?

## ANALYSIS

### I

■■ The retroactivity of a statute presents a question of law, which we review de novo. *Gomon v. Northland Family Physicians, Ltd.*, 645 N.W.2d 413, 415–16 (Minn.2002). Statutes are presumptively prospective and not retroactive. *Chapman v. Davis*, 233 Minn. 62, 65, 45 N.W.2d 822, 824 (1951). "No law shall be construed to be retroactive unless clearly and manifestly so intended by the legislature." Minn.Stat. § 645.21 (2006). The language of the statute must contain clear evidence of retroactive intent, "such as mention of the word 'retroactive.'" *Duluth Firemen's Relief Ass'n v. City of Duluth*, 361 N.W.2d 381, 385 (Minn.1985); *see also K.E. v. Hoffman*, 452 N.W.2d 509, 512 (Minn.App. 1990) (concluding that reference in statute to "actions pending" indicated retroactive intent), *review denied* (Minn. May 7, 1990). "Generally, it is immaterial in this state whether a law alters procedural or substantive rights; the legislature must still express its intention to make it retroactive." *In re Estate of Murphy v. State, Dep't of Pub. Welfare*, 293 Minn. 298, 308, 198 N.W.2d 570, 576 (1972).

■■ Before the 2004 amendment, the statute stated, "This section shall not apply to actions based on breach of the statutory warranties set forth in section 327A.02, or to actions based on breach of an express written warranty, provided such actions shall be brought within two years of the discovery of the breach." Minn.Stat. § 541.051, subd. 4 (2002). The 2004 amendment deleted and replaced this provision. 2004 Minn. Laws ch. 196, § 1, at 356–57. The amended statute now provides:

> For the purposes of actions based on breach of the statutory warranties set forth in section 327A.02, or to actions based on breach of an express written warranty, such actions shall be brought within two years of the discovery of the breach. In the case of an action under section 327A.05, which accrues during the ninth or tenth year after the warranty date, as defined in section 327A.01, subdivision 8, an action may be brought within two years of the discovery of the breach, but in no event may an action under section 327A.05 be brought more than 12 years after the effective warranty date.

Minn.Stat. § 541.051, subd. 4 (2006).[1] In addition, because the amendment removed the exemption for statutory-warranty claims, the limitation on accrual in subdivision 1 of the statute now applies to statutory-warranty claims. Subdivision 1(a) states:

> Except where fraud is involved, no action by any person in contract, tort, or otherwise to recover damages for any injury to property, real or personal, or for bodily injury or wrongful death, arising out of the defective and unsafe condition of an improvement to real property ... shall be brought against any person performing or furnishing the design, planning, supervision, materials, or observation of construction or construction of the improvement to real

---

1. The legislature again amended section 541.051 during the 2007 legislative session. 2007 Minn. Laws ch. 105, § 4. The 2007 amendments relate to contribution and indemnity claims and do not alter the provisions of the statute that are relevant to this decision.

property or against the owner of the real property more than two years after discovery of the injury . . . nor[ ] in any event shall such a cause of action accrue more than ten years after substantial completion of the construction. Date of substantial completion shall be determined by the date when construction is sufficiently completed so that the owner or the owner's representative can occupy or use the improvement for the intended purpose.

Minn.Stat. § 541.051, subd. 1(a) (2006).

The text of the amended statute does not contain the word "retroactive" and does not contain any similar indication of retroactive intent. Therefore, the legislature has not clearly and manifestly indicated that the amended statute should be applied retroactively. In addition, the amendment made significant changes and was not merely a clarification. *See Thompson Plumbing Co. v. McGlynn Cos.,* 486 N.W.2d 781, 785 (Minn.App.1992) (noting that acts "that merely clarify, rather than modify, existing law may be applied retroactively"). For these reasons, we conclude that the amended statute can only be applied prospectively.

## II

■ Having established that the amended statute cannot be applied retroactively, we must now address whether the district court's *application* of the statute in this case caused an impermissibly retroactive result. This question presents an issue of law, which we review de novo. *See Midwest Family Mut. Ins. Co. v. Bleick,* 486 N.W.2d 435, 438 (Minn.App.1992) (deciding as matter of law that application of statute was not retroactive), *review denied in part, granted in part, and remanded* (Minn. July 27, 1992).

■ We begin our analysis with the text of the statute. The amended statute limits statutory-warranty claims in two ways. First, the statute provides that a statutory-warranty claim cannot "accrue more than ten years after substantial completion of the construction." Minn.Stat. § 541.051, subd. 1(a). A statutory-warranty claim accrues when "the homeowner discovers, or should have discovered, the builder's refusal or inability to ensure the home is free from major construction defects." *Vlahos v. R & I Const. of Bloomington, Inc.,* 676 N.W.2d 672, 678 (Minn. 2004). Thus, the statute regulates conduct that relates directly to the homebuilder's warranty obligations, which is primary conduct that gives rise to the litigation. Second, the statute provides that "in no event" may a statutory-warranty claim "be brought more than 12 years after the effective warranty date." Minn.Stat. § 541.051, subd. 4. Thus, the statute also regulates the secondary, litigation-related conduct of commencing a claim. *See Landgraf v. USI Film Products,* 511 U.S. 244, 290–91, 114 S.Ct. 1522, 1523–24, 128 L.Ed.2d 229 (1994) (Scalia, J., concurring) (distinguishing between primary and secondary conduct and advocating retroactivity analysis based on conduct regulated).

These limitations on Minnesota statutory-warranty claims became effective on August 1, 2004. *See* 2004 Minn. Laws ch. 196, § 1, at 357 (indicating signing date of May 15, 2004); Minn.Stat. § 645.02 (2006) (setting default effective date of August 1 following act's final enactment). Before the effective date of the amendment, the statute stated that "[t]his section shall not apply to actions based on breach of the statutory warranties . . . provided such actions shall be brought within two years of the discovery of the breach." Minn.Stat. § 541.051, subd. 4 (2002). Thus, if the 2004 amendment to the statute does not apply, the Slettos' can proceed to trial on their statutory-warranty claim.

■ Because the legislation does not provide for retroactive application, the amendment's limitation on *accrual* does not apply to the Slettos' statutory-warranty claim. The Slettos' statutory-warranty claim accrued in 2003 after they discovered the water damage and notified Wesley. *See Vlahos*, 676 N.W.2d at 678 (holding that claim accrues upon discovery). Thus, the accrual occurred before the effective date of the statute. Because the limitation on accrual is not retroactive, it cannot apply to claims that accrued before its effective date.

■ The more difficult question is whether the amendment's limitation on *commencement* can be applied to the Slettos' statutory-warranty claim. Although the Slettos' claim *accrued* in 2003, their claim was not *commenced* until after the effective date of the statute of repose. Thus, the limitation on commencement was in effect when the Slettos commenced their claim. Nonetheless, we conclude for three reasons that the limitation on commencement cannot be applied to the Slettos' claim.

■ First, the limitation on commencement in section 541.051 cannot be read in isolation. The statute does not simply limit the commencement of claims. Instead, the text of the limitation states:

> In the case of an action under section 327A.05, which accrues during the ninth or tenth year after the warranty date, as defined in section 327A.01, subdivision 8, an action may be brought within two years of the discovery of the breach, but in no event may an action under section 327A.05 be brought more than 12 years after the effective warranty date.

Minn.Stat. § 541.051, subd. 4. Significantly, the limitation occurs after a further discussion of accrual. A statute "must be read so as to give effect to all of its provisions." *Reider v. Anoka–Hennepin*

*Sch. Dist. No. 11,* 728 N.W.2d 246, 251 (Minn.2007). Because of the statute's preceding discussion of accrual and the content of that discussion, the statute must be read as linking accrual and the commencement of claims. Thus, the statute does not simply regulate the commencement of claims. Instead, the statute regulates the commencement of claims *following* accrual. Therefore, the limitation on commencement only applies if both the commencement and the accrual occur after the effective date of the statute. Because the Slettos' statutory-warranty claim *accrued* before the effective date of the statute, the limitation on commencement does not apply. Thus, the legislature has, through its statutory language, limited the application of the newly-enacted commencement restriction to statutory-warranty claims that accrued after the effective date of the amendment.

Second, the limitation on commencement cannot be applied to the Slettos' claim under existing Minnesota caselaw. In *Lovgren v. Peoples Elec. Co.*, the supreme court considered a suit by an electrician injured in 1975. 380 N.W.2d 791, 793 (Minn.1986). The electrician brought his suit against Northern States Power Company in 1978. *Id.* In 1981, the electrician amended the complaint to include a claim against Peoples Electric Company. *Id.* Peoples Electric Company, however, claimed that a statute—which became effective on August 1, 1980, between the accident and the amendment of the complaint—barred the suit. *Id.* The new statute created a two-year statute of limitations on commencement of personal-injury claims related to defective or unsafe improvements to real property. *Id.* The district court agreed with the Peoples Electric Company's argument and dismissed the electrician's claim against the company. *Id.* at 793–94. The supreme court

reversed and held that the new statute did not apply to the electrician's claim. *Id.* at 795. The court reasoned that (1) the legislature did not intend that the statute would be applied retroactively and (2) applying the statute would be a retroactive application. *Id.* at 795–96.

We conclude that *Lovgren* controls our decision. As in *Lovgren,* this case involves a statute that became effective between the relevant events and the commencement of the claim. We can find no basis for applying the statute differently in this case. Like the statute of limitations in *Lovgren,* the statute in this case limits the *commencement* of claims. Therefore, consistent with *Lovgren,* the limitation on commencement does not apply because the Slettos' statutory-warranty claim accrued before the amended statute of repose was effective.

Wesley's attempt to distinguish *Lovgren* is unconvincing. Wesley is correct that the lawsuit in *Lovgren* was commenced in 1978, *before* the new statute became effective. But the electrician's original claim was against Northern States Power Company. The relevant claim in *Lovgren* was made against Peoples Electric Company, a different party. Under Minn. R. Civ. P. 15.03, an amendment adding a new party will relate back to the original commencement date only if there was a mistake in the identity of the proper party. Because it does not appear that there was a mistake about the identity of the proper party in *Lovgren,* the 1981 amendment adding the claim against Peoples Electric Company effectively commenced a new suit *after* the effective date of the new statute. Furthermore, nothing in the *Lovgren* opinion suggests that the court was relying on the 1978 commencement date of the original complaint.

■ Third, although we have based our retroactivity analysis on the conduct regulated by the statute, we would reach the same result under the vested rights theory of retroactivity. Under the vested rights theory, an application of a statute is retroactive if it impairs rights that vested before the effective date of the statute. *Cooper v. Watson,* 290 Minn. 362, 369, 187 N.W.2d 689, 693 (1971). In this case, because the Slettos' statutory-warranty claim accrued before the effective date of the amendment, the Slettos had a vested right to sue on their claim. Thus, the application of the amendment to their claim would be retroactive. We are disinclined to rest our analysis primarily on a "vested rights" theory because it relies on vague concepts that have been rejected in other contexts. *See Milkovich v. Saari,* 295 Minn. 155, 162, 203 N.W.2d 408, 412 (1973) (noting rejection of vested rights approach in choice-of-law cases). The important point, however, is that regardless of whether retroactivity is analyzed based on vested rights or the conduct regulated, the statutory amendment cannot be applied to the Slettos' claim.

### III

The Slettos also challenge the district court's determination that the statute limiting actions arising from real-property improvements bars their common-law claims. Because the Slettos' common-law claims accrued more than ten years after substantial completion of the construction, their common-law claims are barred unless the defects were concealed through fraud. Minn.Stat. § 541.051, subd. 1(a). The Slettos dispute the district court's finding that they failed to establish a genuine issue of material fact on the existence of fraud.

■ On appeal from summary judgment, we review the record to determine "whether there are any genuine issues of material fact and whether a party

is entitled to judgment as a matter of law." *In re Collier*, 726 N.W.2d 799, 803 (Minn. 2007). We view the evidence in the record "in the light most favorable to the party against whom judgment was granted." *Fabio v. Bellomo*, 504 N.W.2d 758, 761 (Minn.1993). A genuine issue of material fact exists if the evidence would "permit reasonable persons to draw different conclusions." *Gradjelick v. Hance*, 646 N.W.2d 225, 231 (Minn.2002). No genuine issue of material fact exists if the evidence "merely creates a metaphysical doubt as to a factual issue." *DLH, Inc. v. Russ*, 566 N.W.2d 60, 71 (Minn.1997).

▮ To prove fraudulent concealment, tolling any statute of repose or limitations, a party must show (1) the defendant made a statement that concealed plaintiff's potential cause of action, (2) the statement was intentionally false, and (3) the concealment could not have been discovered by reasonable diligence. *Williamson v. Prasciunas*, 661 N.W.2d 645, 650 (Minn.App. 2003).

▮ The district court granted summary judgment because the Slettos had failed to show that Wesley intentionally engaged in any affirmative act that fraudulently concealed their potential cause of action. The Slettos argue that there was no need to show any affirmative act because Wesley had a duty to disclose defects. Unless special circumstances apply, however, there is no general duty to disclose. *Hommerding v. Peterson*, 376 N.W.2d 456, 459 (Minn.App.1985).

▮ Even if Wesley had a duty to disclose, the Slettos have provided no evidence that Wesley made intentionally false statements or omissions. The Slettos point to a checklist that Wesley received from the city building department. Because the checklist indicates that the windows needed flashing and flashing was not subsequently installed, the Slettos claim that Wesley must have known about the defect. The record indicates, however, that the checklist was completed in conjunction with the issuance of the building permit and was not an indication of a violation in need of correction. Similarly, the Slettos' limited evidence about work Wesley did on other houses fails to establish any knowledge about the defects in this particular house. Thus, a reasonable jury could not conclude that Wesley knew about and then intentionally failed to disclose the alleged defects.

Because the Slettos failed to establish a genuine issue of material fact on fraudulent concealment, the statute of repose bars the common-law claims. Therefore, summary judgment was properly granted on the Slettos' common-law claims.

### IV

When the district court granted summary judgment against the Slettos, it also dismissed Wesley's third-party contribution and indemnity claims against three subcontractors. The subcontractors argue that Wesley's indemnity claims against them should be dismissed despite our decision to permit the Slettos' statutory-warranty claim to proceed to trial. *See Weston v. McWilliams & Assocs., Inc.*, 716 N.W.2d 634, 641 (Minn.2006) (affirming district court's dismissal of homebuilder's contribution and indemnity claim because claim had not accrued and was not brought within ten-year period). But the district court did not address the merits of the subcontractors' motion to dismiss the contribution and indemnity claims. Instead, the district court dismissed those claims as moot based on its decision to dismiss all of the claims against Wesley. Therefore, Wesley has not had an adequate opportunity to respond to the subcontractors' independent motion for summary judgment.

Accordingly, the dismissal of Wesley's indemnity claims against the subcontractors is reversed for consideration on remand.

## DECISION

The language of the amended statute does not clearly and manifestly indicate the legislature's intent that the statute will apply retroactively. Because the district court's summary-judgment dismissal of the statutory-warranty claim is an impermissibly retroactive application of the 2004 amendment, we reverse and remand. The interrelated dismissal of Wesley's third-party claims against the subcontractors is also reversed. The Slettos failed, however, to demonstrate any genuine issue of material fact on fraudulent concealment. Therefore, the statute was not tolled and the Slettos' common-law claims are barred.

**Affirmed in part, reversed in part, and remanded.**