Gail GOMEZ, et al., Appellants

v.

DAVID A. WILLIAMS REALTY & CONSTRUCTION, INC., Defendant and Third Party Plaintiff, Respondent,

v.

David Freund, et al., Third Party Defendants,

Scherer Bros. Lumber Co., Third Party Defendant, Respondent.

No. A06–2155.

Court of Appeals of Minnesota.

Nov. 6, 2007.

Jonathan M. Bye, Mark S. Enslin, Lindquist & Vennum, P.L.L.P., Minneapolis, MN, for appellants.

James M. Hamilton, Oskie, Reuter, Hamilton & Sofio, P.A., St. Paul, MN, for respondent Williams Realty.

James M. Bratulich, Adina R. Bergstrom, Bruce P. Candlin & Associates, St. Paul, MN, and Thomas G. Jovanovich, St. Cloud, MN, for respondent Scherer Bros.

Considered and decided by WRIGHT, Presiding Judge; SHUMAKER, Judge; and STONEBURNER, Judge.

## OPINION

STONEBURNER, Judge.

Appellants challenge the grant of summary judgment to respondents dismissing new-home warranty claims as barred by the statute of repose contained in Minn. Stat. § 541.051, subd. 1(a) (2004). Appellants argue that the district court (1) erred by considering the statute-of-repose defense asserted for the first time in respondent builder's reply brief; (2) used the wrong event to trigger accrual of their warranty cause of action; and (3) erroneously concluded that their cause of action accrued more than ten years after the warranty date. We affirm the district court's consideration and application of the ten-year statute of repose, and the use of the date of discovery of the breach as the

date on which appellants' claims accrued. But because the district court erred in stating that appellants stipulated to dismissal of some warranty claims, and because there are genuine issues of material fact concerning when appellants knew or should have known of major construction defects and the builder's refusal or inability to honor the warranty that the home would be free from major construction defects, we reverse the grant of summary judgment and remand for further proceedings.

## FACTS

Appellants Gail and Lupe Gomez (the homeowners) contracted with respondent David A. Williams Realty & Construction Inc., (the builder) for the construction of a home which was substantially completed on October 19, 1994. The contract contained express warranties that (1) during the first ten years of ownership the home "shall be free from major construction defects;" (2) all work would be executed in a workmanlike manner in accordance with the plans and specifications; and (3) the builder would comply with all applicable health and building ordinances.[1] The home was also covered by statutory warranties that "during the one-year period from and after the warranty date the dwelling shall be free from defects caused by faulty workmanship and defective materials due to noncompliance with building standards," and that "during the ten-year period from and after the warranty date, the dwelling shall be free from major construction defects." Minn.Stat. § 327A.02, subd. 1(a), (c) (1994).

In June 1995, the homeowners discovered that windows in the home leaked when it rained. They contacted the builder immediately, and the builder made attempts to fix the problem, but it was never fully corrected. According to the homeowners, the extent of the leaking increased, and the builder made subsequent attempts to remedy the leaking in 1996 and 1997. The builder's last attempt to remedy the problem was made in 1998 or possibly 1999.

The homeowners wrote to the builder's insurance broker about the leaks on June 18, 2004, and received a June 30, 2004, letter from American Family Insurance Company (the insurer), acknowledging that it insured the builder and had been placed on notice of the homeowners' moisture/water infiltration claim. The insurer requested additional information, which the homeowners provided by letter dated August 20, 2004.

In August 2004, the homeowners engaged Private Eye, Inc. to perform a moisture analysis. In a report dated October 4, 2004 (PE report), Private Eye noted that probes indicated high moisture readings at numerous locations in the wall cavities, the wall sheathing "felt soft when probed" at more than 30 locations, and that the sheathing could not be detected by probes at some half-dozen locations. The PE report recommended that these areas be opened up for further exploration to determine if there was any structural damage.

The homeowners forwarded the PE report to the insurer by letter dated October 12, 2004. The insurer replied, stating that because the PE report did not explicitly indicate structural damage, the homeowners would need to have a structural engineer substantiate the existence of structural damage to the home. The

1. There is a dispute about whether the contract contains express written warranties, but for purposes of summary judgment the district court presumed that it did. *See Fabio v.* *Bellomo*, 504 N.W.2d 758, 761 (Minn.1993) (stating that on summary judgment, the facts are viewed in the light most favorable to the non-moving party).

homeowners then hired Air Tamarack to conduct a structural analysis of the home. In a report dated February 2, 2005 (AT report), Air Tamarack concluded that the house had "serious structural and fungal infestation problems related to the above grade exterior wall construction and rim joist construction." The report also stated that "visual inspection revealed several state building code violations and poor building practices, which are related to the moisture penetration concerns in this house."

The homeowners provided the AT report to the insurer. The homeowners sent written notice to the builder of the problems revealed by the AT report by letter dated May 18, 2005, and sued the builder on November 8, 2005, for negligence, breach of express and statutory warranty, breach of contract, and breach of implied warranty. The builder brought a third-party action for contribution and indemnity against respondent Scherer Bros. Lumber Co. (the window manufacturer) and third-party defendants, David Freund Stucco (DFS), Imdieke Builders, and R & R Construction. DFS answered, affirmatively asserting statute-of-limitations and statute-of-repose defenses. The window manufacturer also answered, asserting a statute-of-limitations defense and all other defenses interposed by other third-party defendants.

The builder and the window manufacturer moved for summary judgment on the homeowners' claims based in part on lack of notice required by Minn.Stat. § 327A.03(a) (2004), and the two-year statute of limitations contained in Minn.Stat. § 541.051, subd. 1(a) (2004). The window manufacturer also asserted that the builder's third-party claims against it were barred by the ten-year statute of repose.

In response to the summary-judgment motions, the homeowners conceded that the two-year statute of limitations barred their contract, tort, and implied warranty claims, but argued that their claims for breach of express and statutory warranties were not barred because they did not discover structural damage to the home until receipt of the PE report on October 12, 2004. In its reply brief, the builder argued that the PE report did not state that there was structural damage and that because the AT report, the first confirmation of structural damage, was issued in February 2005, more than ten years after the warranty date of October 19, 1994, the ten-year statute of repose contained in Minn. Stat. § 541.051, subd. 1(a) barred the claim of breach of the "free of major construction defects" warranty.

The homeowners objected to the district court's consideration of the statute-of-repose defense raised for the first time in the builder's reply brief and requested additional time to address this defense. The district court denied the request for additional time. The district court concluded that the ten-year statute of repose contained in Minn.Stat. § 541.051, subd. 1(a) applies to the homeowners' claim; that their cause of action accrued when they knew or should have known of the breach of the "free from major construction defects" warranty; and that, as a matter of law, the homeowners did not learn of the breach of the warranty until the AT report was issued more than ten years after the warranty date. The district court granted summary judgment to the builder based on the statute of repose. The district court also dismissed the homeowners' warranty claims based on poor workmanship and building code violations, stating that the homeowners had conceded those claims were barred under the two-year statute of limitations. Because none of the homeowners' claims against the builder survived summary judgment, the builder's third-

party claims against the window manufacturer were also dismissed. This appeal followed.

## ISSUES

I. Did the district court abuse its discretion by considering the statute-of-repose defense first argued by the builder in its reply brief?

II. Does the ten-year statute of repose contained in Minn.Stat. § 541.051, subd. 1 (2004), apply to claims for breach of statutory new-home warranties and express written warranties?

III. When did the homeowners' cause of action for breach of and statutory new-home warranties accrue and express written warranties?

IV. Did the district court err by determining as a matter of law that the homeowners' cause of action for breach of the "free from major construction defects" warranty accrued more than ten years after the effective date of the warranty and was therefore barred by the statute of repose?

V. Did the district court err by stating that the homeowners had conceded that their claims for breach of the warranties that work would be executed in a workmanlike manner and that the builder would comply with all applicable ordinances were barred by the two-year statute of limitations?

## ANALYSIS

### I. Standard of review

"On an appeal from summary judgment we ask two questions: (1) whether there are any genuine issues of material fact and (2) whether the [district] court[ ] erred in [its] application of the law." *State by Cooper v. French*, 460 N.W.2d 2, 4 (Minn. 1990). When the district court grants summary judgment based on the application of a statute to undisputed facts, the result is a legal conclusion, reviewed de novo. *Lefto v. Hoggsbreath Enters., Inc.*, 581 N.W.2d 855, 856 (Minn.1998) (citing *Wallin v. Letourneau*, 534 N.W.2d 712, 715 (Minn.1995)).

### II. Applicable statutes

Minn.Stat. § 541.051 (2004), provides in relevant part:

Subdivision 1. Limitation; service or construction of real property; improvements. (a) Except where fraud is involved, no action by any person in contract, tort, or otherwise to recover damages for any injury to property ... arising out of the defective and unsafe condition of any improvement to real property .... shall be brought ... more than two years after discovery of the injury ... nor, in any event shall such a cause of action accrue more than ten years after substantial completion of the construction....

(b) For purposes of paragraph (a), a cause of action accrues upon discovery of the injury....

. . . .

Subdivision 2. Action allowed; limitation. Notwithstanding the provisions of subdivision 1, in the case of an action which accrues during the ninth or tenth year after substantial completion of the construction, an action to recover damages may be brought within two years after the date on which the action accrued, but in no event may an action be brought more than 12 years after substantial completion of the construction.

. . . .

Subdivision. 4. Applicability. For the purposes of actions based on breach of the statutory warranties set forth in section 327A.02, or to actions based on breach of an express written warranty,

such actions shall be brought within two years of the discovery of the breach. In the case of an action under section 327A.05, which accrues during the ninth or tenth year after the warranty date, as defined in section 327A.01, subdivision 8, an action may be brought within two years of the discovery of the breach, but in no event may an action under section 327A.05 be brought more than 12 years after the effective warranty date.[2]

Minnesota law further provides that in every contract for the sale of a dwelling to be completed, the vendor shall warrant to the vendee that "during the ten-year period from and after the warranty date, the dwelling shall be free from major construction defects due to noncompliance with building standards." Minn.Stat. § 327A.02, subd. 1(c) (2004). Liability of the vendor does not extend to loss or damage not reported by the owner to the vendor in writing within six months after the owner discovers or should have discovered the loss or damage. Minn.Stat. § 327A.03(a) (2004).

"Major construction defect" is defined as "actual damage to the load-bearing portion of the dwelling ... which affects the load-bearing function and which vitally affects or is imminently likely to vitally affect use of the dwelling ... for residential purposes." Minn.Stat. § 327A.01, subd. 5 (2004). " 'Warranty date' means the date from and after which the statutory warranties provided in section 327A.02 shall be effective, and is the earliest of (a) the date of the initial vendee's first occupancy

of the dwelling; or (b) [t]he date on which the initial vendee takes legal or equitable title in the dwelling." Minn.Stat. § 327A.01, subd. 8 (2004).

## III. Timeliness of statute-of-repose defense

The homeowners first argue that the statute-of-repose defense should not have been considered by the district court because the builder raised it for the first time in its reply brief, and the district court denied the homeowners' request for an opportunity to address this new argument. The builder agrees that Minn. R. Gen. Pract. 115.03(c) limits reply memorandums to "new legal or factual matters raised by an opposing party's response to a motion." But the builder argues that the statute-of-repose defense was raised in its reply brief to address the argument, first raised in the homeowners' memorandum opposing summary judgment, that the homeowners did not know, or have reason to know, of structural damage to the home until the PE report. The builder also argues that the homeowners had notice of the statute-of-repose defense because it was specifically asserted in the answers of DFS and the window manufacturer.

■ In its reply brief, the builder primarily argued that the homeowners, as a matter of law, discovered, or should have discovered, the builder's breach of the warranty that the home would be free from major construction defects more than two years before they sued the builders[3]

2. The parties agree that the effective date of the express and statutory warranties is the date of substantial completion of the home, October 19, 1994.

3. At oral argument before this court, the builder argued that, as a matter of law, the homeowners had no reason to know of structural damage before they received the AT report, despite the homeowners' assertion that

the PE report put them on notice of such damage. The builder's last minute change of its theory of the case does not change the record which, as the builder amply argued in summary judgment briefing to the district court, contains evidence from which a factfinder could conclude that the homeowners should have known of structural damage even prior to receipt of the PE report.

and the homeowners' failure to give notice as required by Minn.Stat. § 327A.03(a) barred the statutory warranty claims. The builder's reply brief addressed the statute of repose briefly, stating that "if [the homeowners] want to claim that they did not discover structural issues until a professional told them, then they will have to live with the fact ... that this advice came more than 10 years after substantial completion of the home ... and [their] claims, therefore, are barred by the statute of repose."

Because the homeowners asserted for the first time in their memorandum opposing summary judgment that they neither knew, nor should have known, about structural damage until they received the PE report, we conclude that the builder appropriately raised the statute-of-repose defense in its reply brief. The homeowners had ample opportunity to argue the issue at the summary-judgment hearing. We conclude that the district court did not abuse its discretion in considering the defense or in denying additional time to the homeowners to address the issue. Also, because our review of application of the statute of repose to the facts is de novo, and the homeowners have thoroughly briefed their response to the defense on appeal, the interests of judicial economy would not be served by remanding this issue to the district court.

**IV.  The statute of repose contained in Minn.Stat. § 541.051, subd. 1, applies to claims for breach of express and statutory warranty.**

■ In *Koes v. Advanced Design, Inc.,* 636 N.W.2d 352, 360 (Minn.App.2001), *review denied* (Minn. Feb. 19, 2001), this court concluded that, whether intended or not, Minn.Stat. § 541.051 (2000), did not contain a statute of repose for warranty claims. In response, the legislature amended subdivision 4 of the statute to remove the language exempting actions for statutory and express warranties from the application of Minn.Stat. § 541.051, and added:

> In the case of an action under section 327A.05, which accrues during the ninth or tenth year after the warranty date, ... an action may be brought within two years of the discovery of the breach, but in no event may an action under section 327A.05 be brought more than 12 years after the effective warranty date.

Minn.Stat. § 541.051, subd. 4 (2004). The homeowners argue that because the legislature did not add language to subdivision 4 stating that the statute of repose contained in subdivision 1 applies to warranty claims, subdivision 4 constitutes a 12-year statute of repose for warranty claims, making their claims timely because they were brought within 12 years of the effective warranty date. We find no merit in this argument.

The plain language of subdivision 4 permits an action that has accrued within ten years of the effective warranty date to be brought up to 12 years after the effective warranty date, but does not provide that a warranty action may accrue more than ten years from the effective warranty date. Because the language exempting warranty claims from the statute was removed, Minn.Stat. § 541.051, subd. 1(a) now applies to warranty claims. *See Sletto v. Wesley Constr., Inc.,* 733 N.W.2d 838, 843 (Minn.App.2007) (stating that the limitation on accrual in subdivision 1 of section 541.051 now applies to statutory-warranty claims). The district court properly concluded that the ten-year statute of repose applies to claims of breach of statutory new-home warranties and express written warranties.

**V. For purposes of the statute of repose in Minn.Stat. § 541.051, subd. 1(a), a cause of action for breach of statutory new-home warranties or express written warranties accrues on discovery of the breach.**

The district court concluded that a cause of action for breach of express or statutory warranty accrues on discovery of the breach. The homeowners argue that if the statute of repose contained in Minn.Stat. § 541.051, subd. 1(a), applies to breach of warranty claims then the provision in subdivision 1(b), which states that "for purposes of paragraph (a), a cause of action accrues upon *discovery of the injury*," (emphasis added) must also apply to breach-of-warranty claims. We disagree.

Minn.Stat. § 541.051, subd. 4 and applicable case law establish that for purposes of actions based on breach of statutory new-home warranties and express written warranties, it is discovery of the breach that triggers the running of statutes of limitation. In many cases, a breach of warranty coincides with discovery of a condition contrary to the warranty (injury), but in the case of warranties that extend to future performance, there is no breach until the person relying on the warranty discovers, or should have discovered, that the warranty will not be honored. *See Vlahos v. R & I Constr. of Bloomington, Inc.*, 676 N.W.2d 672, 678 (Minn.2004) (holding that the statutory new-home warranty extends to future performance, and that the applicable statute of limitations, Minn.Stat. § 541.051, subd. 4 (2002), "begins to run when the homeowner discovers, or should have discovered, the builder's refusal or inability to ensure the home is free from major construction defects.").

■ Despite the supreme court's holding in *Vlahos*, the homeowners argue that subdivision 4 does not provide a "definition

of accrual" for warranty claims because it does not use the word "accrue," and that even if a cause of action accrues upon discovery of the breach for purposes of the statute of limitations in subdivision 4, there is a different accrual trigger for purposes of the statute of repose. We find no merit in this argument. Based on *Vlahos*, we hold that for purposes of the statute of repose, a cause of action for breach of statutory new-home warranties and express written warranties covering future performance accrues on discovery of the breach, which occurs when the homeowner discovers, or should have discovered, the builder's refusal or inability to ensure the home is free from major construction defects known to, or that should have been known to, the homeowner. *See id.*

**VI. The district court erred by holding that, as a matter of law, the homeowners' cause of action for breach of warranties that their home would be free from major construction defects during the first ten years of occupancy accrued more than ten years from the warranty date.**

■ To survive summary judgment, a party need not show substantial evidence, only sufficient evidence to permit reasonable persons to draw different conclusions. *Schroeder v. St. Louis County*, 708 N.W.2d 497, 507 (Minn.2006). Determining when the homeowners discovered or should have discovered the breach of warranties is "a factual question, inappropriate for resolution on summary judgment." *Vlahos*, 676 N.W.2d at 676–79.

■ In *Vlahos*, the supreme court concluded that the legislature intended to define "major construction defect" broadly. *Id.* In this case, numerous facts in the record support the builder's claims that

the homeowners knew or should have known that their home contained structural defects and that the builder refused or was unable to remedy those defects long before notice was given to the builder or its insurer and long before this action was initiated. The homeowners concede that they should have known of structural defects at least as of the date of the PE report. Nonetheless, the district court made an explicit finding that the PE report did not give the homeowners reason to know of structural damage, and made an implicit finding that nothing prior to the PE report put the homeowners on notice of structural damage that the builder would not cure. Such findings are inappropriate on summary judgment. Although it is not disputed that the AT report was the first confirmation of structural damage to the home, there is a genuine issue of material fact concerning whether the homeowners should have been aware that they had structural damage before or at the time of the PE report, and there appears to be a genuine issue of material fact about when the homeowners knew or should have known that the builder would not or could not honor its warranties.

The district court did not reach the issues of whether notice of breach of statutory warranties was timely or properly given and if not, whether the contract contains express written warranties. Determination of these factual issues is necessary in order to resolve whether the homeowners' action is viable or is barred by lack of notice, the two-year statute of

limitations, or the ten-year statute of repose.[4]

**VII. The district court erroneously stated that the homeowners conceded that express and statutory warranties other than the warranty that the home would be free from structural defects were barred by the statute of limitations.**

Nothing in the record supports the district court's statement that the homeowners conceded that the statutory warranty contained in Minn.Stat. § 327A.02, subd. 1(a) (2004), warranting that "during the one-year period from and after the warranty date the dwelling shall be free from defects caused by faulty workmanship and defective materials due to noncompliance with building standards" or the express written warranties of workmanship and compliance with health and building ordinances are barred by the two-year statute of limitations. The homeowners conceded only that their common-law claims are barred by the two-year statute of limitations. On remand, the district court must address whether the accrual date on these claims can be determined as a matter of law or whether there are genuine fact questions that preclude summary judgment on these claims.

**DECISION**

We affirm the district court's ruling that statutory new-home warranty and express written warranty claims are subject to the ten-year statute of repose contained in

---

4. Homeowners suggest that if, as the builder argues, they knew or should have known of the breach of this warranty prior to August 1, 2004, there would be no statute of repose applicable to their claim, as exemplified by the *Koes* decision. Because this issue was not argued to the district court, we decline to address it here, except to note that such a

finding would have implications for the timeliness of their notice to preserve statutory warranty claims. *See Thiele v. Stich*, 425 N.W.2d 580, 582 (Minn.1988) (stating that this court will generally not consider matters not argued and considered in the district court).

Minn.Stat. § 541.051, subd. 1(a) (2004), and that such claims accrue at the time a homeowner knows, or should have known, of major construction defects which a builder refuses or is unable to correct. Because the district court erred in finding as a matter of law that the homeowners' cause of action on "free from major construction defects" warranties did not accrue before expiration of the statute of repose, and erroneously stated that the homeowners had abandoned their claims for breach of other statutory and express written warranties, we reverse summary judgment granted to the builder and window manufacturer and remand for further proceedings.

**Affirmed in part, reversed in part, and remanded.**