17-1388-cv
Wilkov v. Ameriprise Financial Services, Inc.

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of October, two thousand eighteen.

PRESENT: PIERRE N. LEVAL,
               RAYMOND J. LOHIER, JR.,
                    *Circuit Judges*,
               SIDNEY H. STEIN,[*]
                    *District Judge.*

------------------------------------------------------------------

JENNIFER S. WILKOV,

           *Plaintiff-Appellant*,

       v.                                       No. 17-1388-cv

AMERIPRISE FINANCIAL SERVICES, INC.,

---

* Judge Sidney H. Stein, of the United States District Court for the Southern District of New York, sitting by designation.

FKA AMERICAN EXPRESS FINANCIAL
ADVISORS, INC., NEW YORK COUNTY
DISTRICT ATTORNEY,

*Defendants-Appellees*.

------------------------------------------------------------------

FOR APPELLANT:                           JENNIFER S. WILKOV, *pro se*,
                                         Brooklyn, NY.

FOR APPELLEE AMERIPRISE                   MICHAEL J. ZARETSKY,
FINANCIAL SERVICES, INC.:                 Chorpenning, Good, Carlet &
                                          Garrison, Esqs., New York,
                                          NY.

FOR APPELLEE NEW YORK                      ELIZABETH N. KRASNOW,
COUNTY DISTRICT ATTORNEY:                  Assistant District Attorney,
                                           New York County District
                                           Attorney's Office, New York,
                                           NY.

Appeal from a judgment of the United States District Court for the

Southern District of New York (Laura Taylor Swain, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED,

AND DECREED that the judgment of the District Court is AFFIRMED.

Appellant Jennifer S. Wilkov, proceeding pro se, appeals from a judgment

of the District Court (Swain, J.) dismissing her complaint for failure to state a

claim.   Wilkov sued Ameriprise and the New York County District Attorney

2

("NYCDA"), asserting claims for breach of contract, unjust enrichment, fraud, and fraudulent concealment against Ameriprise, and claims for equitable relief and malicious prosecution against the NYCDA. Wilkov alleged that Ameriprise failed to properly supervise her investment activities in violation of their franchise agreement and deliberately concealed its breach. Wilkov also alleged that the NYCDA engaged in prosecutorial misconduct, and she brought an equitable claim to reopen her criminal case. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

I.    Breach of Contract and Unjust Enrichment

Wilkov's first cause of action against Ameriprise for breach of contract was properly dismissed as time barred. "A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true . . . show that relief is barred by the applicable statute of limitations." Jones v. Bock, 549 U.S. 199, 215 (2007). In determining the timeliness of the breach-of-contract claim, the District Court properly considered the Franchise Agreement to be incorporated by reference in Wilkov's complaint, as it was referenced throughout the second

3

amended complaint and its terms served as the basis for her breach-of-contract claim. See DiFolco v. MSNBC Cable L.L.C., 622 F.3d 104, 111 (2d Cir. 2010). The District Court correctly applied a six-year statute of limitations. In determining that Wilkov's franchise relationship with Ameriprise ended in August 2005, the District Court was entitled to take judicial notice of the Financial Industry Regulatory Authority's ("FINRA") public records, which showed that Wilkov's affiliation with Ameriprise ended in August 2005. See Kramer v. Time Warner, Inc., 937 F.2d 767, 773–74 (2d Cir. 1991). Because Wilkov's breach-of-contract claim was premised upon Ameriprise's allegedly deficient supervisory conduct during the franchise relationship, the limitations period began to run—at the latest—in August 2005 when that relationship ended. Wilkov first filed her lawsuit containing her breach-of-contract claim in July 2015, nearly four years after the limitations period expired. The claim was therefore time barred.

Wilkov invokes fraudulent concealment as a ground to toll the statute of limitations for her breach-of-contract claim.[1] Under the doctrine of fraudulent

---

[1] Construing her pro se submission liberally, Wilkov appears to challenge the District

concealment, "the statute of limitations does not run during the time that the defendant fraudulently conceals from the plaintiff the facts constituting the cause of action." Minn. Laborers Health & Welfare Fund v. Granite Re, Inc., 844 N.W.2d 509, 514 (Minn. 2014) (quotation marks omitted). To toll a statute of limitations because of fraudulent concealment under Minnesota law, a party must show: "(1) the defendant made a statement that concealed plaintiff's potential cause of action, (2) the statement was intentionally false, and (3) the concealment could not have been discovered by reasonable diligence." Sletto v. Wesley Constr. Inc., 733 N.W.2d 838, 846 (Minn. Ct. App. 2007). A plaintiff's cause of action will not accrue until the discovery of the fraudulent concealment or a reasonable opportunity to discover it. See Granite Re, 844 N.W.2d at 514. On the other hand, "a party's ignorance of the existence of h[er] cause of action does not prevent the running of the statute of limitations." Township of Normania v. Yellow Medicine County, 205 Minn. 451, 457 (1939).

Court's dismissal of her stand-alone claims for fraud and fraudulent concealment. We affirm the District Court's dismissal of those claims on the ground that they were "abandoned" by Wilkov when she failed to oppose them in her opposition to Ameriprise's motion to dismiss.

Wilkov did not allege that Ameriprise fraudulently concealed a breach-of-contract claim from her. At most, Wilkov alleged that Ameriprise was silent about her supervisor's deficient oversight. But Ameriprise's "mere silence" about its purported breach does not justify tolling under the fraudulent concealment doctrine. See Granite Re, 844 N.W.2d at 514 (quotation marks omitted).

Wilkov also challenges the District Court's dismissal of her unjust enrichment claim. But both Minnesota and New York law preclude an action for unjust enrichment where, as here, a valid contract between the parties exists that governs the claim. See U.S. Fire Ins. v. Minn. State Zoological Bd., 307 N.W.2d 490, 497 (Minn. 1981); Clark-Fitzpatrick, Inc. v. Long Island R.R., 70 N.Y.2d 382, 388 (1987). Because the Franchise Agreement was a valid contract between Wilkov and Ameriprise, and because Wilkov's claim for unjust enrichment is premised on Ameriprise's obligations under that contract, the District Court properly dismissed the unjust enrichment action.

II. Claims for Equitable Relief and Prosecutorial Misconduct

Finally, Wilkov advances the same prosecutorial misconduct argument

6

rejected by the District Court—that the NYCDA failed to disclose favorable and "potentially exculpatory" evidence in violation of her constitutional rights—as well as a new prosecutorial misconduct argument that the NYCDA and Ameriprise engaged in a "potential conspiracy" to frame her. These arguments fail because prosecutorial misconduct claims remain barred by her guilty plea and because the second argument is raised for the first time on appeal. See Singleton v. Wulff, 428 U.S. 106, 120 (1976) (holding that federal appellate courts generally do not consider issues not raised before the district court).

We have considered Appellants' remaining arguments and conclude that they are either abandoned or without merit. Accordingly, we AFFIRM the judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court